UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:22CV12

SUSIE JORDAN, as Parent and Guardian Ad
Litem of A.E.J. (a minor) and B.A.J. (a
minor), and
SUSIE JORDAN, individually,

    Plaintiffs,

  v.

CHATHAM COUNTY SCHOOLS,
in its official capacity; DAN BARNWELL, in
his individual and official capacity as former
Principal of Bennett School; G. DOE (a minor),
in his individual capacity;
M. DOE (a minor), in his individual capacity;
GYM TEACHER DOE A, in his individual
and official capacity as an employee of
Chatham County Schools; GYM TEACHER
DOE B, in his individual and official capacity
as an employee of Chatham County Schools;
DOES 1 through 20 in their individual
capacities and official capacities as employees
of Chatham County Schools,

    Defendants.

## ORDER

  This matter comes before the Court on a Motion for Appointment of Guardian Ad Litem for the minor Plaintiffs named herein. In support of the request, Plaintiff Susie Jordan avers that she is the mother of the minor Plaintiffs named herein, that the minor Plaintiffs named in the Complaint are under the age of eighteen (18) years without general or testamentary guardian(s), that the minor Plaintiffs are the subject

of the Complaint filed herewith that gives rise to the subject litigation, and that it is necessary that a Guardian Ad Litem be appointed herein for the purpose of representing the interests of the minor Plaintiffs.

However, the Court notes that Plaintiff Susie Jordan has filed this action *pro se*, on behalf of herself and her minor children. The Fourth Circuit has held that a non-attorney parent may not represent their children *pro se* in federal court. Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court."); M.D. v. Sch. Bd. Of City of Richmond, 560 F. App'x 199, 202 (4th Cir. 2014)). Litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654, but "[t]he right to litigate for oneself, however, does not create a coordinate right to litigate for others." Myers, 418 F.3d at 400. Thus, it is well settled that a *pro se* litigant may not represent another individual or entity in federal court, even if appointed as a guardian as litem or by power of attorney, and a minor plaintiff cannot proceed without counsel in a civil action. Id. Here, because Susie Jordan is a non-lawyer attempting to represent minor children *pro se* based on her purported status as guardian ad litem, the claims by the minor children would have to be dismissed without prejudice.

Therefore, the Court will stay the case for sixty (60) days to allow Plaintiffs time to retain counsel. If counsel does not enter an appearance within sixty (60) days, the Court will recommend that all claims asserted by or on behalf of A.E.J. and B.A.J. be dismissed without prejudice

IT IS THEREFORE ORDERED that this action is STAYED for sixty (60) days to allow Plaintiff the opportunity to retain counsel, since she cannot proceed *pro se* in federal court representing the interests of her children.

This, the 4th day of February, 2022.

/s/ Joi Elizabeth Peake
United States Magistrate Judge