IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:22-cv-00012-WO-JEP

| | |
|---|---|
| SUSIE JORDAN, as parent and Guardian *Ad Litem* of A.E.J (a minor) and B.A.J. (a minor), and SUSIE JORDAN, individually,<br><br>Plaintiff,<br><br>v.<br><br>CHATHAM COUNTY SCHOOLS, in its official capacity; DAN BARNWELL; G. DOE (a minor); M. DOE (a minor); GYM TEACHER DOE A; GYM TEACHER DOE B; DOES 1 through 20,<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF CHATHAM COUNTY BOARD OF EDUCATION'S MOTION TO DISMISS** |

The Chatham County Board of Education ("Board"), by and through its attorneys and pursuant to Local Civil Rule 7.3, M.D.N.C., submits this Memorandum of Law in support of its Motion to Motion to Dismiss Amended Complaint.

## STATEMENT OF THE CASE

Plaintiff filed this civil action on January 10, 2022, bringing claims on her own behalf and on behalf of B.A.J. and A.E.J. D.E. 1. At the same time, she filed a Motion to Appoint ad Litem on behalf of B.A.J. and A.E.J. D.E. 3. At that time, Plaintiff was not represented by counsel. On February 4, 2022, upon the order of this Court, the matter was subsequently stayed for sixty days to permit Plaintiff to obtain counsel since she

could not proceed *pro se* in federal court representing the interests of her children. D.E. 6.

On March 23, 2022, Plaintiff sought an extension of time to obtain counsel, which this Court granted through July 15, 2022. D.E. 7; D.E. 8. On July 14, 2022, Plaintiff's counsel moved to appear *pro hac vice* without local counsel. D.E. 10. On September 14, 2022, this Court granted counsel's motion to appear *pro hac vice*, terminated Plaintiff's motion for appointment of Guardian Ad Litem, and ordered that service be made within 90 days of the Court's order. D.E. 11.

A copy of the summons and complaint was delivered to the office of the Chatham County Board of Education on September 22, 2022, along with a request for a waiver of the service of summons. On Wednesday, October 12, 2022, the Board returned an executed waiver of the service of summons to Plaintiff's counsel. D.E. 12.

A summons has been reissued as to Defendant Dan Barnwell, D.E. 14; however, to date, he does not appear to have been served.

## STATEMENT OF FACTS AS ALLEGED IN COMPLAINT

Plaintiff Susie Jordan is the mother of B.A.J. and A.E.J., both of whom were minor children at the time of the filing of this civil action.[1] D.E. 1 ¶¶ 2-4.[2] Both B.A.J. and A.E.J. attended the Bennett School in the Chatham County Schools ("the District") from 2012 through 2019. ¶¶ 3, 4, 26.

---

[1] As discussed more fully below, Plaintiffs B.A.J. and A.E.J. have since reached the age of majority by turning eighteen.

[2] Hereafter, all paragraph references are to the Complaint, filed as Docket Entry 1.

B.A.J. has Asperger's Syndrome. ¶ 28. Plaintiff alleges that, as a result of her Asperger's Syndrome, B.A.J. was bullied by her peers, including the daughter of Defendant Barnwell, from the time she started school at Bennett. ¶ 29. Specifically, B.A.J. was prevented from using the bathroom "on many occasions," which resulted in her soiling her cloths. ¶ 31. Plaintiff contends that although she spoke with Barnwell on a weekly basis about his daughter's behavior towards B.A.J., Barnwell took no action to help B.A.J. ¶ 32.

On September 11, 2017, an incident occurred in physical education class, during which B.A.J. was pushed to the floor by another student and sustained bruising as a result of the incident. ¶¶ 33, 35. Furthermore, while A.E.J. was attempting to help B.A.J., another student in the class (the unnamed "G. Doe" defendant), hit A.E.J. in the head with a ball five or six times. ¶ 33. Plaintiff contends that G. Doe was under a suspension at the time of the incident and should not have been in the P.E. class at the time. ¶ 34.

Following the incident, A.E.J. felt sick to her stomach and had neck pain. ¶ 36. A.E.J. was ultimately diagnosed with a concussion. *Id*.

After learning of the incident from "other parents," Plaintiff contacted District personnel to discuss the incident. ¶¶ 37-38. During multiple conversations with District and school personnel, Plaintiff raised concerns about bullying against B.A.J. but claims "[n]o action was taken" on her concerns. ¶¶ 38, 40. She also claims that Defendant Barnwell "shielded" her from all evidence of the incident by denying her permission to view a video of the incident or talk to the gym teacher. ¶ 39.

As a result of the incident, Plaintiff withdrew B.A.J. and A.E.J. from Bennett in September 2017 and homeschooled them. ¶ 43. Plaintiff also alleges that Defendant Barnwell was "forced to resign" from his role as school principal in early 2018 because of the September 2017 incident "and other outrageous incidents." ¶ 41.

B.A.J. and A.E.J. returned to school at Bennett in February 2018. ¶ 43. In January 2019, another incident occurred in P.E. class in which another student (the unnamed "M. Doe" defendant) "slammed" a ball into A.E.J.'s left temple. ¶ 44. According to Plaintiff, the impact of the hit was so severe that A.E.J. does not remember being hit. ¶ 45.

As a result of this incident, Plaintiff alleges that A.E.J. sustained a severe concussion and damage to the C-2 to C-7 vertebrae in her neck and upper back. ¶ 46. She was also diagnosed with post-concussion syndrome. ¶ 47. The post-concussion syndrome has impacted A.E.J.'s vision, including diminishing vision, eye coordination, and double vision. ¶ 48. Plaintiff contends that A.E.J. also suffers from "continuous motion sickness" and "constant" migraine headaches, as well as "difficulty with her vestibular system." ¶ 48.

As a result of the injuries A.E.J. sustained from the September 2019 incident, her ability to read has been "jeopardized," ¶ 49; she needs special accommodations to continue school, ¶ 51; and she was unable to continue with her early college program, *id*. In addition, according to Plaintiff, as a result of their experiences at Bennett, both A.E.J. and B.A.J. suffer from severe depression. ¶ 52. Finally, according to Plaintiff, the costs

of treatment and therapies for A.E.J.'s injuries has reached "several thousand dollars." ¶ 50.

## STANDARD OF REVIEW

I. **STANDARD FOR RULE 12(b)(1) MOTION.**

"The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a case must be dismissed." *Mills-Craddock v. Gates, et al.,* No. 5:10-CV-597-F, 2012 WL 3594634, at *2 (E.D.N.C. August 20, 2012) (unpublished) (citing *Steel Co. v. Citizens for a Better Env't.,* 523 U.S. 83, 96 (1998)). "In a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant." *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). A defendant may challenge subject matter jurisdiction by contending that (1) a complaint fails to allege facts upon which subject matter jurisdiction can be based, or (2) that, although a complaint alleges sufficient facts to invoke subject matter jurisdiction, those facts are not themselves true. *Id.*; *see also Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009).

When a defendant raises a jurisdictional defense, the court is no longer bound to accept the facts as contained in the complaint as true. In considering a motion to dismiss based on Rule 12(b)(1), the court is "to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks omitted). *See also, e.g., Adams v. Bain*, 697

F.2d 1213, 1219 (4th Cir. 1982) (explaining that where defendant contends that jurisdictional allegations of complaint are not true, court may go beyond allegations of complaint and determine if there are facts to support jurisdictional allegations).

## II. STANDARD FOR RULE 12(b)(2) MOTION.

To survive a legal challenge on a Rule 12(b)(2) motion for lack of personal jurisdiction, plaintiff has the burden to establish a *prima facie* showing of a sufficient jurisdictional basis. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Courts may consider documents outside the pleadings, including affidavits, when applying the prima facie standard. *Mylan Labs., Inc. v. Akzo*, 2 F.3d 56, 62 (4th Cir. 1993).

## III. STANDARD FOR RULE 12(b)(6) MOTION.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). When considering a motion to dismiss on this basis, a court must accept as true all well-pleaded factual allegations in the complaint, viewing the complaint in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, a plaintiff has "the burden . . . to allege facts sufficient to state all the elements of her claim." *Bass v. E.I. Dupont De Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (affirming Rule 12(b)(6) dismissal of plaintiff's claim of hostile work environment discrimination). "While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." *Id.* at 765 (emphasis in original).

A motion to dismiss under Rule 12(b)(6) will succeed if a plaintiff fails to establish a "plausible" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (applying *Twombly* "plausibility standard"); *Coleman v. Maryland Ct. of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010) (same). Further, when considering a motion to dismiss, a court need not accept a complaint's legal conclusions. *Iqbal,* 556 U.S. at 678-79; *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Alexander v. City of Greensboro*, 762 F. Supp. 2d 764, 780 (M.D.N.C. 2011). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### I. THE "CHATHAM COUNTY SCHOOLS" IS NOT A PROPER PARTY DEFENDANT.

The amended complaint names as defendant the "Chatham County Schools." However, because the school system has no capacity to sue or be sued in federal court, all claims against the school system fail as a matter of law.

"State law dictates whether a governmental agency has the capacity to be sued in federal court." *Efird v. Riley*, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004) (citing *Avery v. Burke*, 660 F.2d 111, 113-14 (4th Cir. 1981)). Under North Carolina law, the local board of education—not the local school district—is the entity with the legal

capacity to sue and be sued. *See* N.C. Gen. Stat. § 115C-40. A plaintiff's failure to identify the local board of education as the proper defendant merits dismissal of the complaint. *See, e.g.*, *Ricketts v. Wake Cty. Pub. Sch. Sys.*, No. 5:21-CV-49-FL, 2022 WL 19710, at *3 (E.D.N.C. Jan. 3, 2022) (dismissing plaintiff's suit against the Wake County Public School System since that entity "does not have the ability to be sued as an entity under state law"; *Dodd v. Brunswick County Schs.*, No. 7:10-CV-101-FL, 2010 WL 3075564, at *1 (E.D.N.C. Aug. 5, 2010) (dismissing plaintiff's suit naming Brunswick County Schools as defendant rather than the local school board); *Hunter v. Wake County Bd. of Educ.*, No. 5:08-CV-62-D, 2008 WL 2695813, at * 1 (E.D.N.C. July 8, 2008) (dismissing Wake County Public Schools because it "is not a corporate entity subject to suit under North Carolina law"). Similarly, because the "Chatham County Schools" is not a corporate entity subject to suit under North Carolina Law, all claims against the Chatham County Schools must be dismissed in their entirety.

## II. PLAINTIFF'S CLAIMS AGAINST SCHOOL EMPLOYEE DEFENDANTS ARE DUPLICATIVE AND SHOULD BE DISMISSED.

Should this Court conclude that Plaintiff's claims are properly brought against the Chatham County Schools (they are not), any claims against both named school employee defendants and unnamed "Doe" defendants should nevertheless be dismissed as duplicative of claims against the Chatham County Board of Education.

The North Carolina Supreme Court has held that pleadings must "clearly" state the capacity in which a defendant is being sued. *Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 724 (1998). "In the absence of such clarity, it will be presumed that the

defendant is being sued in her official capacity." *Warren v. Guilford Cty.*, 129 N.C. App. 836, 839, 500 S.E.2d 470, 472 (1998). Although Plaintiff's Complaint identifies multiple school employees (both named and unnamed) as defendants, Plaintiff has failed to identify the capacity in which those defendants are being sued and, as such, Plaintiff is presumed to have brought suit against those defendants in their official capacities.

However, courts have repeatedly held that official-capacity suits are redundant because they are merely another way of pleading an action against an entity of which an officer is an agent. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000) (same); *Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997) ("[A] suit against a defendant in his official capacity means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent."). "Suing a governmental employee in his 'official' capacity is simply another way of pleading an action against the governmental entity." *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 399 (M.D.N.C. 2004) (dismissing official capacity claims against individual defendants where the governmental entity was also sued). Because Plaintiff has brought identical claims against the Chatham County Schools, Dan Barnwell, "Gym Teacher Doe A," "Gym Teacher Doe B," and Doe Defendants 1-20, Plaintiff's claims against the individual defendants in their official capacity are redundant and should be dismissed altogether.

### III. PLAINTIFF SUSIE JORDAN LACKS STANDING TO BRING CLAIMS ON BEHALF OF A.E.J. AND B.A.J.

Rule 17(a)(1) of the Federal Rules of Civil Procedure provides that "minors" or otherwise incompetent persons "may not appear as litigants in federal civil proceedings without the assistance of guardians." *Queen v. Minnesota Life Ins. Co.*, No. 3:09CV383-DCK, 2010 WL 249326, at *1 (W.D.N.C. Jan. 21, 2010). Courts look to state law to determine a litigant's competency under Rule 17. *Nicholson v. Zimmerman*, No. 1:19CV585, 2020 WL 5518701, at *5 (M.D.N.C. Sept. 14, 2020) (citing *Lanahan v. Clifton T. Pirkins Hosp. Ctr.*, No. CV JFM-16-821, 2017 WL 3668751, at *2 (D. Md. Aug. 23, 2017)). Here, North Carolina law provides that a person "within the age of 18 years" is under a disability. N.C. Gen. Stat. § 1-17(a).

Plaintiff has brought this lawsuit on her own behalf, individually, and on behalf of her two children, B.A.J. and A.E.J. However, both B.A.J. and A.E.J. turned eighteen on October 18, 2022. D.E. 17-1. Nor does Plaintiff allege anywhere in the Complaint that she has been granted guardianship over B.A.J. or A.E.J. due to mental incompetency. As a result, because of their reaching the age of majority, B.A.J. and A.E.J. are no longer incompetent to bring suit, and Plaintiff has no standing to bring claims on their behalf. Plaintiff's claims on behalf of B.A.J. and A.E.J. should be dismissed. *See, e.g., Sher v. Upper Moreland Twp. Sch. Dist.*, No. CIV.A. 11-1525, 2012 WL 6731260, at *1 n.2 (E.D. Pa. Dec. 28, 2012) (noting, in the context of dismissing parent's individual claims under Section 504, that claims brought on behalf of the minor plaintiff were dismissed once he reached the age of eighteen).

## IV. THE CHATHAM COUNTY BOARD OF EDUCATION HAS NOT WAIVED ITS IMMUNITY TO BE SUED FOR STATE-LAW TORT CLAIMS.

The doctrine of governmental immunity bars suits against "the state, its counties, and its public officials sued in their official capacity." *Herring v. Winston-Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 683, 529 S.E.2d 458, 461 (2000). In North Carolina, "[a] county or city board of education is a governmental agency, and therefore may not be liable in a tort action except insofar as it has duly waived its [governmental] immunity from tort liability pursuant to statutory authority." *Yarbrough v. E. Wake First Charter Sch.*, 108 F. Supp. 3d 331, 337 (E.D.N.C. 2015) (quoting *Seipp v. Wake Cnty. Bd. of Educ.*, 132 N.C. App. 119, 121, 510 S.E.2d 193, 194 (1999) (internal quotation marks omitted)). Because immunity is a jurisdictional issue, "a plaintiff's complaint must affirmatively demonstrate the basis for the waiver of immunity when suing a governmental entity which has immunity." *Arrington v. Martinez*, 215 N.C. App. 252, 263, 716 S.E.2d 410, 417 (2011).

North Carolina General Statutes § 115C-42 authorizes a local board of education to waive governmental immunity through the purchase of liability insurance and is the "*exclusive* means of a local board of education to waive immunity." *Doe by next friend Pullen-Smith v. Qually*, No. 5:20-CV-523-FL, 2021 WL 2546456, at *8 (E.D.N.C. June 21, 2021) (citing *Ripellino v. North Carolina Sch. Bds. Assoc.*, 158 N.C. App. 423, 428, 581 S.E.2d 88, 92 (2003)) (emphasis added). "North Carolina Courts strictly construe § 115C–42 against waiver." *Barrett v. Bd. of Educ. of Johnston Cty., N.C.*, 13 F. Supp. 3d 502, 513 (E.D.N.C.), *aff'd* on other grounds, 590 Fed. App'x 208 (4th Cir. 2014)).

Although the Board has elected to participate in the North Carolina School Boards Trust ("the Trust"), it is well-settled law in North Carolina that such an agreement does not meet the requirements necessary to waive immunity under N.C. Gen. Stat. § 115C-42. *See, e.g., Barrett v. Board of Educ. of Johnston County*, 13 F. Supp. 3d 502, 508 (E.D.N.C. 2014) (finding no waiver of sovereign immunity where participation in the Trust was the "sole source of potential insurance coverage"). Indeed, the language of the Board's agreement with the Trust expressly states that:

> The NCSBT Coverage Agreement is not a contract of insurance by a company or corporation duly licensed and authorized to execute insurance contracts in this State or by a qualified insurer as determined by the Department of Insurance. Therefore, the NCSBT Coverage Agreement expressly is not considered a waiver of governmental immunity as provided in N.C.G.S. §115C-42.

*See* D.E. 17-2 at 4. Moreover, the Board's Chief Finance Officer, Tony Messer, has confirmed that the Board has not purchased or otherwise secured any general liability insurance coverage or risk protection for tort claims other than that which it has obtained by virtue of its participation in the Trust. *See* D.E. 17-3 at ¶ 5.

Because the Board does not have insurance coverage for any state-law tort claims, the Board has not waived its governmental immunity, and Plaintiff's claims for negligence and negligent infliction of emotional distress against the Chatham County Schools (Counts 5, 6, 11, 12, and 13) must be therefore dismissed. *See Irving v. Charlotte-Mecklenburg Bd. of Educ.*, No. 13-34, 2013 WL 5508370, at *1-2 (N.C. Ct. App. Oct. 1, 2013) (upholding trial court's grant of Rule 12(b)(1) and (b)(2) motion to dismiss negligence claims where supporting affidavit indicated that policy was not intended to waive school board's governmental immunity).

## V. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT HER CLAIMS.

### A. Plaintiff's Claims Under the ADA and Section 504 (Counts 1 and 2) Should be Dismissed.

To state a claim for student-on-student disability harassment, Plaintiff must show:

> [B.A.J.] was an individual with a disability, harassed by fellow students based on [her] disability; that the disability-based harassment was sufficiently "severe, pervasive, and objectively offensive" that it effectively deprived [her] of "access to educational benefits and opportunities" at school, and that the school knew about the disability-based student-on-student harassment and was deliberately indifferent to it.

*S.B. ex rel. A.L. v. Bd. of Educ. of Harford Cty.*, 819 F.3d 69, 76 (4th Cir. 2016) (internal citations omitted).[3] "[T]he Supreme Court has 'set[] the bar high for deliberate indifference.' . . . '[A] school may not be held liable . . . under § 504 for what its students do, but only for what is effectively an official decision by [the school] not to remedy student-on-student harassment.'" *Sciacca*, 509 F. Supp. 3d at 523 (M.D.N.C. 2020) (quoting *S.B. ex rel. A.L.*, 819 F.3d at 76-77). Thus, to show deliberate indifference, "it is not enough that a school has failed to eliminate student-on-student harassment, or to impose the disciplinary sanctions sought by a victim," rather the school's "'response . . . or lack thereof is clearly unreasonable in light of the known circumstances.'" *S.B. ex rel. A.L.*, 819 F.3d at 77 (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999)).

---

[3] "'To the extent possible, . . . the ADA and Rehabilitation Act [are construed] to impose similar requirements' and, thus, 'they require a plaintiff to demonstrate the same elements to establish liability.'" *Sciacca v. Durham Cty. Bd. of Educ.*, 509 F. Supp. 3d 505, 523 (M.D.N.C. 2020) (quoting *Halpern v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 461 (4th Cir. 2012)).

Here, Plaintiff's ADA and Section 504 claims are based on two different sets of factual allegations: first, general allegations that B.A.J. was bullied because of her Asperger's Syndrome, ¶¶ 62.a, 71.a (Count 1); and, second, allegations that in September 2017, B.A.J. was "viciously pushed to the ground by a classmate" because of her disability, ¶¶ 62.b, 71.b (Count 2). In neither instance has Plaintiff alleged that the school or the Chatham County Schools was deliberately indifferent with respect to such alleged bullying. Moreover, there is no allegation that, to the extent that Plaintiff had to provide changes of soiled clothes for B.A.J., this was because of disability-related bullying, such that the school was deliberately indifferent by allegedly taking no action on this information. And, finally, there are no plausible factual allegations in the Complaint to suggest that B.A.J. was pushed to the ground during gym class in September 2017 because of her disability (other than conclusory allegation included in the Complaint), nor is there any suggestion that the school should have known that B.A.J. would be pushed or otherwise targeted by the specific classmate that pushed her on that specific date. Without more, such bare facts cannot support Plaintiff's claims under the ADA and Section 504, and these claims should therefore be dismissed. *Cf. Nance v. Rowan-Salisbury Bd. of Educ.*, No. 1:17-CV-957, 2019 WL 1437212, at *5 (M.D.N.C. Feb. 27, 2019) (dismissing Title IX claims under analogous standard where the complaint "fail[ed] to allege facts sufficient to create a plausible inference that the Board made a decision to remain idle in the face of known student-on student harassment or an official decision by the school not to remedy the violation" (internal quotation marks omitted)).

### B. Plaintiff Fails to Allege Facts Sufficient to Support Her Negligent Infliction of Emotional Distress Claims (Counts 11-13).

The Board strongly contends that Plaintiff's negligent infliction of emotional distress claims (Counts 11, 12, and 13) against the Chatham County Schools should be dismissed because, as discussed more fully above in Section V, the Board has not waived its immunity from suit. However, in the alternative, these claims should nevertheless be dismissed because Plaintiff fails to allege facts sufficient to support these claims.

In North Carolina "[t]he substantive elements of negligent infliction of emotional distress are: (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress ..., and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Acosta v. Byrum*, 180 N.C. App. 562, 567, 638 S.E.2d 246, 250 (2006) (internal quotations omitted). Moreover, "[c]onduct supporting negligent or intentional infliction of emotional distress must 'be regarded as atrocious, and utterly intolerable in a civilized society.'" *Ennett v. Cumberland Cty. Bd. of Educ.*, 698 F. Supp. 2d 557, 560 (E.D.N.C. 2010) (citing *Wagoner v. Elkin City Schools' Bd. of Educ.*, 113 N.C. App. 579, 440 S.E.2d 119, 123 (1994)). "Whether the conduct alleged is sufficiently 'extreme and outrageous' is a question of law." *Swaim v. Westchester Acad., Inc.*, 170 F. Supp. 2d 580, 584 (M.D.N.C. 2001).

Here, Plaintiff has alleged that Chatham County School employees breached their duty of care to B.A.J. when (1) they "failed to supervise G. Doe and allowed him to physically assault A.E.J. right in front of B.A.J." in 2017, ¶ 139 (Count 11), and (2) they

"failed to supervise M. Doe and allowed him to physically assault A.E. Doe [sic] right in front of B.A.J." in 2019, ¶ 145 (Count 12). Plaintiff has also alleged that Chatham County School employees breached their duty of care to A.E.J. when they "failed to prevent the widespread bullying experienced by B.A.J., thereby subjecting A.E.J. to the pain of having to witness her sister's bullying." ¶ 151 (Count 13). Yet nowhere in her Complaint has Plaintiff alleged that it should have been reasonably foreseeable that these employees' alleged negligence would have caused either B.A.J. or A.E.J. severe emotional distress—nor can she. Courts have dismissed complaints that have alleged similar negligent conduct for failing to meet the higher standard for bringing a claim for negligent infliction of emotional distress. *See, e.g.*, *Ennett*, 698 F. Supp. 2d at 560 (finding allegations of "insults and indignities" did not rise to the level of "extreme and outrageous behavior"); *Swaim*, 170 F. Supp. 2d at 584 ("Plaintiff alleges no facts that suggest that Defendants went beyond all possible bounds of decency in handling Plaintiff's termination or otherwise."); *Buser v. S. Food Serv., Inc.*, 73 F. Supp. 2d 556, 573 (M.D.N.C. 1999) (objectionable conduct did not rise to the level of "extreme and outrageous").

For these reasons, Counts 11-13 should be dismissed.

## VI. PUNITIVE DAMAGES CANNOT BE RECOVERED AGAINST THE CHATHAM COUNTY SCHOOLS AS A MATTER OF LAW.

Finally, to the extent the Complaint seeks punitive damages against the Chatham County Schools, D.E. 1 at 37, such a claim should be dismissed because punitive

damages cannot be recovered against a governmental entity such as the Board. It is well-settled that punitive damages may not be awarded against a board of education in North Carolina. *See, e.g., Ripellino*, 158 N.C. App. at 431, 581 S.E.2d at 94 (holding that in the absence of statutory provisions to the contrary, county board of education, as governmental entity, was not subject to punitive damages); *Sides v. Cabarrus Memorial Hosp., Inc.*, 22 N.C. App. 117, 120, 205 S.E.2d 784, 787, *modified on other grounds*, 287 N.C. 14, 213 S.E.2d 297 (1974) (holding that municipal corporations are immune from punitive damages include cities, towns and school districts). *See also Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981) (holding that municipalities are immune from punitive damages under 42 U.S.C. § 1983); *Long v. City of Charlotte*, 306 N.C. 187, 206-07, 293 S.E.2d 101, 115 (1982) (holding that in absence of statutory provisions to contrary, municipal corporations are immune from punitive damages). In this case, there is no statutory exception that would permit an award of punitive damages, nor an allegation of such an exception. For this reason, any claim for punitive damages against the Chatham County Schools should be dismissed.

## **CONCLUSION**

For the reasons set forth above, the Board respectfully requests that this Court dismiss all claims against the Chatham County Schools with prejudice.

This the 14th day of November 2022.

                                        Respectfully submitted,

                                        /s/ Lindsay Vance Smith
                                        THARRINGTON SMITH, L.L.P.
                                        Lindsay Vance Smith

N.C. State Bar No. 48085
150 Fayetteville Street, Suite 1800
Post Office Box 1151
Raleigh, North Carolina 27602-1151
Telephone: (919) 821-4711
Fax: (919) 829-1583
E-mail: lsmith@tharringtonsmith.com
*Attorney for Chatham County Board of Education*

## **WORD COUNT CERTIFICATION**

Pursuant to Local Rule 7.3 (d), I hereby certify that the foregoing memorandum of law is less than 6,250 words (excluding caption, signature line, and certificates of counsel) as reported by the word-processing software.

This the 14th day of November 2022.

*/s/ Lindsay Vance Smith*

THARRINGTON SMITH, L.L.P.

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF CHATHAM COUNTY BOARD OF EDUCATION'S MOTION TO DISMISS** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such to the following:

> Keith Altman
> West 12 Mile Road, Suite 375
> Farmington Hills, MI 48331
> Email: keithaltman@kaltmanlaw.com
> *Attorney for Plaintiff*

This the 14th day of November 2022.

THARRINGTON SMITH, L.L.P.

/s/ Lindsay Vance Smith