## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

ABIGAIL JORDAN and BERTA
JORDAN, individually,
                    *Plaintiffs,*
v.

CHATHAM COUNTY BOARD OF
EDUCATION, et. al.
                    *Defendants.*

Case No. 1:22-cv-12

---

## I.    INTRODUCTION

This is an action arising from the discrimination, bullying and indifference that Plaintiffs experienced while they were students at the Bennett School in the Chatham County School District. Plaintiff is seeking damages for violations of the American with Disability Act and Section 504 of the Rehabilitation Act. Defendants are also responsible for assault and battery, negligence, and negligent infliction of emotional distress.

## II.    PARTIES

1. Plaintiff ABIGAIL JORDAN ("ABIGAIL JORDAN") is a resident of North Carolina and attended the Bennett School in the Chatham County Schools district.

1

2. Plaintiff BERTA JORDAN ("BERTA JORDAN") is a resident of the State of North Carolina attended the Bennett School in the Chatham County Schools district.

3. Defendant G. Doe was a minor child attending Bennett during the 2017-2018 school year. G. Doe's legal name is currently unknown.

4. Defendant M. Doe was a minor child attending Bennett during the 2018-2019 school year. M. Doe's legal name is currently unknown.

5. Defendant Chatham County Board of Education ("CHATHAM") aka Chatham County Public School System is a school district located in Chatham County, North Carolina. CHATHAM's main office is located at 369 West Street in Pittsboro, North Carolina 27312. CHATHAM operates Bennett Elementary School (BENNETT") located at 61 Randolph Street in Bennett, North Carolina 27208. CHATHAM is a federally funded entity. As a federally funded entity, CHATHAM is subject to Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

6. On information and belief, pursuant to North Carolina General Statute §115C-42, the Defendant CHATHAM is authorized and empowered to waive its governmental immunity from liability for damage by reason of injury to person caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his or her authority or within the

course of his or her employment by obtaining liability insurance for the negligence of torts of its agents or employees.

7. On information and belief, at all times relevant to this action Defendant CHATHAM had waived governmental immunity through the purchase of liability insurance.

8. During the 2017-2018 School Year, Defendant Dan Barnwell ("Barnwell") was an employee of CHATHAM working as the Principal at Bennett School.

9. During the 2017-2018 School Year, Defendant Gym Teacher Doe A ("Gym Teacher Doe A") was an employee of CHATHAM working as the Gym Teacher at Bennett School.

10. During the 2018-2019 School Year, Defendant Gym Teacher Doe B ("Gym Teacher Doe B") was an employee of CHATHAM working as the Gym Teacher at Bennett School.

11. DOES 1-20 ("Doe Defendants") are individuals who were employed by CHATHAM during all times relevant to this litigation. The names and job titles of the Doe Defendants are currently unknown.

## III.    JURISDICTION & VENUE

12. This action arises under the laws of the United States. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

3

13. This action arises under the following federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub.L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101 et seq., amended by the Americans with Disabilities Amendments Act (ADA-AA) with an effective date of January 1, 2009, which, at Title II of the ADA, prohibits discrimination within public entities, the Rehabilitation Act of 1973, §§504 and 505, as amended, 29 U.S.C.A. §§794 and 794a, including the conforming amendment of the ADA-AA which changes the definition of "disability" under §504 to conform to the definition of "disability" under ADA-AA. Both the ADA and §504 prohibit retaliation against persons with disabilities.

14. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims. This is because the state law claims are so closely related to the federal question claims that it forms the same case or controversy under Article III of the United States Constitution.

15. This Court properly exercises personal jurisdiction over Defendant CHATHAM on the grounds that it is located and conducts business within the Middle District of North Carolina.

16. This Court properly exercises personal jurisdiction over Defendant Barnwell on the grounds that he is domiciled within the Middle District of North Carolina

4

and violated certain rights, the effects of which were felt in the Middle District of North Carolina.

17. This Court properly exercises personal jurisdiction over Defendant M. Doe on the grounds that he is domiciled within the Middle District of North Carolina and violated certain rights, the effects of which were felt in the Middle District of North Carolina.

18. This Court properly exercises personal jurisdiction over Defendant G. Doe on the grounds that he is domiciled within the Middle District of North Carolina and violated certain rights, the effects of which were felt in the Middle District of North Carolina.

19. This Court properly exercises personal jurisdiction over Defendant Gym Teacher Doe A on the grounds that he is domiciled within the Middle District of North Carolina and violated certain rights, the effects of which were felt in the Middle District of North Carolina.

20. This Court properly exercises personal jurisdiction over Defendant Gym Teacher Doe B on the grounds that he is domiciled within the Middle District of North Carolina and violated certain rights, the effects of which were felt in the Middle District of North Carolina.

21. This Court properly exercises personal jurisdiction over Doe Defendant 1-20 on the grounds that they are domiciled within the Middle District of North Carolina

and violated certain rights, the effects of which were felt in the Middle District of North Carolina.

22. Venue in this action is proper in the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C.S. § 1391 because the events relevant to this action occurred primarily within the geographical confines of the Middle District of North Carolina.

## IV.    <u>FACTUAL ALLEGATIONS</u>

23. ABIGAIL JORDAN and BERTA JORDAN attended Bennett School in the Chatham County Public School System. Their attendance at Bennett began in 2012 and continued until 2019. Both were excellent students with above-average grades.

24. ABIGAIL JORDAN has been mentioned in the local newspaper for being an outstanding honor roll student.

25. BERTA JORDAN has Asperger's syndrome, a condition on the autism spectrum.  The Staff of Bennett was aware of BERTA JORDAN's condition for the entirety of her enrollment at Bennett.

26. Because of her condition, BERTA JORDAN was bullied by her peers at Bennett from her first day at the school in 2012.

27. In particular, Barnwell's daughter, Tanner Barnwell and another student, Skylar Brigham regularly bullied BERTA JORDAN on the basis of BERTA JORDAN's autism.

28. On many occasions, Tanner Barnwell and Skylar Brigham took turns preventing BERTA JORDAN from using the bathroom to such an extent that BERTA JORDAN would soil the clothes she was wearing. This behavior occurred so often that JORDAN would sometimes have to come to the school several times per week in order to provide BERTA JORDAN with new clothes.

29. Over the course of several years, JORDAN weekly spoke with Barnwell, in his role as the school principal, about his daughter's bullying behavior toward BERTA JORDAN Barnwell did nothing to help JORDAN or BERTA JORDAN

30. On September 11, 2017, BERTA JORDAN was pushed to the floor in her physical education class. ABIGAIL JORDAN went to help BERTA JORDAN and managed to help BERTA JORDAN sit on a bench. While BERTA JORDAN was sitting on the bench, a boy in the class, G. Doe, went up to ABIGAIL JORDAN and hit her with a ball in the head. He continued to hit ABIGAIL JORDAN in a repetitious manner five (5) or six (6) times, without the ball ever leaving his hand ("September 2017 Incident")

31. At the time of the September 2017 Incident, G. Doe was under suspension. Due to his suspension, he should have never been allowed to be in the PE class.

Case 1:22-cv-00012-WO-JEP   Document 20   Filed 12/05/22   Page 7 of 43

32. BERTA JORDAN was left with large bruises as a result of the September 2017 Incident.

33. For days after the September 2017 Incident, ABIGAIL JORDAN felt sick to her stomach and had neck pain, which lead to a medical diagnosis of a concussion.

34. JORDAN was never informed of the September 2017 Incident by the school, but instead had to be told by other parents.

35. On September 15, 2017, JORDAN had a phone call with Tracy Fowler, Executive Director of Student Services at CHATHAM to discuss the September 2017 Incident. During this meeting, JORDAN mentioned the ongoing bullying against BERTA JORDAN. No action was taken as a result of this phone call.

36. On September 19, 2017, JORDAN met with BARWELL and Tracy Fowler to discuss September 2017 Incident. Barnwell informed JORDAN that there existed video footage of The Incident. However, JORDAN's request to see it was denied by Barnwell. Barnwell also refused to allow JORDAN to speak with the gym teacher about the September 2017 Incident. In doing so, Barnwell effectively shielded JORDAN from all evidence of what had happened.

37. During this second meeting, JORDAN again raised the issue of systematic bullying at Bennett School against BERTA JORDAN Again, nothing was done to help BERTA JORDAN

8

38. Based on the September 2017 Incident, and other similarly outrageous incidents, Barnwell was forced to resign from the role of Bennett school's principal in early 2018.

39. After the September 2017 Incident, ABIGAIL JORDAN and BERTA JORDAN no longer felt safe at BENNETT.

40. As a result, JORDAN made the difficult decision to homeschool ABIGAIL JORDAN and BERTA JORDAN for approximately five months from September 2017, until February 2018.

41. In January of 2019, a more severe incident occurred. This time, again during PE class, classmate M. DOE was standing less than ten feet away from her when he slammed the ball in her left temple ("January 2019 Incident").

42. The impact of the hit was so severe, that ABIGAIL JORDAN does not remember being hit. This time, JORDAN was given access to the video footage which showed ABIGAIL JORDAN trying to walk, and then tumbling to the floor.

43. This incident left ABIGAIL JORDAN with a severe concussion and damage to the C-2 to C-7 vertebrae in her neck and upper back.

44. As a result of the injuries sustained during this incident, she was diagnosed with post-concussion syndrome.

45. The post-concussion syndrome has a severe negative impacted on ABIGAIL JORDAN's vision including, but not limited to, diminishing vision and eye

coordination. More specifically, the damage to her left eye causes her to suffer from double vision. Having double vision results in continuous motion sickness and constant migraine headaches to the extent that she must take migraine medication. In addition, ABIGAIL JORDAN suffers from difficulty with her vestibular system. The vestibular system is essential to normal movement and equilibrium.

46. As a result of the injuries, she sustained from the January 2019 incident, ABIGAIL JORDAN's ability to read has been jeopardized.

47. The cost of necessary treatment and therapies stemming from ABIGAIL JORDAN's injuries from the January 2019 Incident has reached several thousand dollars.

48. As a result of ABIGAIL JORDAN's injuries, she also now needs special accommodations to continue school. She was unable to continue her early college program. Had she not been injured, ABIGAIL JORDAN would have finished her early college program, would have started college, and would be well on the way to pursuing her dream of becoming a veterinarian.

49. CHATHAM failed to provide accommodations to ABIGAIL JORDAN and BERTA JORDAN following the assaults stating that they did not have a qualified teacher in the building.

10

50. CHATHAM failed to follow the IEP that was in place to ABIGAIL JORDAN and BERTA JORDAN.

51. As a result of their experiences at BENNETT, ABIGAIL JORDAN, and BERTA JORDAN both suffer from severe depression. To date, ABIGAIL JORDAN has also lost more than 30 lbs. since January of 2019.

## Respondeat Superior and Agency

52. Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

53. Under Federal and North Carolina State law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

54. At the times relevant to this action, Defendants Barnwell, Gym Teacher Doe A, Gym Teacher Doe B, and Doe Defendants 1-20 were employed by CHATHAM. The acts and omissions of Barnwell, Gym Teacher Doe A, Gym Teacher Doe B, and Doe Defendants 1-20 relevant to this action were undertaken within the scope of their employment with CHATHAM.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of Title II of the Americans with Disabilities Act (Related to B.A. DOE)**
**(Against Defendant CHATHAM)**

55. Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

56. BERTA JORDAN is a "qualified individual with a disability" as defined in 42 U.S.C. §1231(2). She has been diagnosed with Asperger's syndrome.

57. BERTA JORDAN's Asperger's syndrome often causes BERTA JORDAN to behave in a manner that is considered unusual. This behavior in turn often causes BERTA JORDAN to be bullied by her peers. Asperger's syndrome therefore substantially impairs her ability to engage in the normal life activity of communication.

58. CHATHAM is a public school district and as such is subject to the provisions of Title II of the Americans with Disabilities Act.

59. The ADA and its implementing regulations require that alternative services and modifications be made to qualified individuals with a disability.

60. At all times while BERTA JORDAN was enrolled at Bennett, the teachers and staff at Bennett were made aware of BERTA JORDAN's disability. All the teachers and staff at Bennett were employed by CHATHAM.

61. BERTA JORDAN was denied reasonable accommodations for her disability as follows:

   a. BERTA JORDAN was severely bullied by her classmates because of her disability. Most notably Tanner Barnwell and Skyler

Brigham relentlessly bullied BERTA JORDAN over the course of years. This bullying was often done publicly, as Tanner Barnwell and Skyler Brigham would often prevent BERTA JORDAN from using the bathroom, forcing her to soil her clothes. Bennett employees knew that JORDAN had to come to the school on a weekly basis to provide a change of clothes for BERTA JORDAN Furthermore, JORDAN attempted to address the bullying of BERTA JORDAN with Barnwell on a weekly basis. This bullying caused BERTA JORDAN continual and extreme emotional distress. Despite being aware of the situation, CHATHAM, through its employees, did nothing to protect B.A. DOE and did not undertake any actions to curb the bullying from Tanner Barnwell and Skyler Brigham.

b. On September 11, 2017, BERTA JORDAN was again singled because of her disability when she was viciously pushed to the ground by a classmate. Despite being aware of BERTA JORDAN's propensity to be bullied, CHATHAM, through its employees, did nothing to prevent this incident and did not undertake any action afterward to prevent it from happening again. BERTA JORDAN suffered serious bruises from this incident.

62. Plaintiff suffered as a direct and proximate result of Defendant's unlawful discrimination and refusal to provide reasonable accommodations resulting in injury to Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a)  Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)  Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)  Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)  Grant such other and further relief as justice requires.

## SECOND CAUSE OF ACTION
**Violation of Section 504 of the Rehabilitation Act of 1973 (Related to B.A. DOE)**
**(Against Defendant CHATHAM)**

63. Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

64. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 bars all federally funded entities from discriminating based on disability. Section 504 states, in relevant part:

> No otherwise qualified individual with a disability in the United States … shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a).

65. CHATHAM is a public school, receiving federal funding. Therefore, it is subject to Section 504 of the Rehabilitation Act of 1973.

66. BERTA JORDAN is a disabled person and has been diagnosed with Asperger's syndrome.

67. BERTA JORDAN's Asperger's syndrome often causes BERTA JORDAN to behave in a manner that is considered unusual. This behavior in turn often causes BERTA JORDAN to be bullied by her peers. Asperger's syndrome therefore substantially impairs her ability to engage in the normal life activity of communication.

68. BERTA JORDAN is a disabled individual who was otherwise qualified to attend and continue her education at CHATHAM.

69. The Rehabilitation Act and its implementing regulations require that Defendants administer programs and activities in the most integrated setting appropriate to the needs of qualified disabled persons. 28 C.F.R. § 41.51 and 45 C.F.R. § 84.4.

70. At all times while BERTA JORDAN was enrolled at Bennett, the teachers and staff at Bennett were made aware of BERTA JORDAN's disability. All the teachers and staff at Bennett were employed by CHATHAM.

71. BERTA JORDAN was denied reasonable accommodations for her disability as follows:

  a. BERTA JORDAN was severely bullied by her classmates because of her disability. Most notably Tanner Barnwell and Skyler Brigham relentlessly bullied BERTA JORDAN over the course of years. This bullying was often done publicly, as Tanner Barnwell and Skyler Brigham would often prevent BERTA JORDAN from using the bathroom, forcing her to soil her clothes. Bennett employees knew that JORDAN had to come to the school on a weekly basis to provide a change of clothes for BERTA JORDAN Furthermore, JORDAN attempted to address the bullying of BERTA JORDAN with Barnwell on a weekly basis. This bullying caused BERTA JORDAN continual and extreme emotional distress. Despite being aware of the situation, CHATHAM, through its

16

employees, did nothing to protect BERTA JORDAN and did not undertake any actions to curb the bullying from Tanner Barnwell and Skyler Brigham.

b. On September 11, 2017, BERTA JORDAN was again singled because of her disability when she was viciously pushed to the ground by a classmate. Despite being aware of BERTA JORDAN's propensity to be bullied, CHATHAM, through its employees, did nothing to prevent this incident and did not undertake any action afterward to prevent it from happening again. BERTA JORDAN suffered serious bruises from this incident.

72. Plaintiff suffered as a direct and proximate result of Defendant's unlawful discrimination and refusal to provide reasonable accommodations resulting in injury to the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair

17

investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

<u>**THIRD CAUSE OF ACTION**</u>
**Assault And Battery**
**(Against Defendant G. Doe)**

73. Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

74. During the 2017 Incident, G. Doe approached ABIGAIL JORDAN and hit her with a ball in the head. He continued to hit ABIGAIL JORDAN in a repetitious manner, five or six times without the ball ever leaving his hand.

75. For days after the September 2017 Incident, ABIGAIL JORDAN felt sick to her stomach and had neck pain, which lead to a medical diagnosis of a concussion.

76. By approaching ABIGAIL JORDAN and striking her in the head, G. Doe intentionally put ABIGAIL JORDAN in the apprehension of physical harm. This

18

action further demonstrated that G. Doe wished to cause A.E Doe physical harm and that he had the ability to do so.

77. By striking ABIGAIL JORDAN repeatedly in the head with a ball, G. Doe intentionally caused damaging physical contact on ABIGAIL JORDAN's person. As a result of this damaging contact, ABIGAIL JORDAN felt sick to her stomach and had neck pain, which lead to a medical diagnosis of a concussion.

78. As a direct and proximate result of Defendant's actions Plaintiff ABIGAIL JORDAN has sustained extreme emotional distress and physical injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## FOURTH CAUSE OF ACTION
### Assault And Battery
### (Against Defendant M. Doe)

79. Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

80. During the 2019 Incident, M. Doe approached ABIGAIL JORDAN and hit her with a ball in her left temple.  ABIGAIL JORDAN was hit with such force that she did not even remember being struck.

81. By approaching ABIGAIL JORDAN and striking her in the head, M. Doe intentionally put ABIGAIL JORDAN in the apprehension of physical harm.  This action further demonstrated that M. Doe wished to cause A.E Doe physical harm and that he had the ability to do so.

82. By striking ABIGAIL JORDAN in the head with a ball, M. Doe intentionally caused damaging physical contact on ABIGAIL JORDAN's person.  As a result of this damaging contact, ABIGAIL JORDAN has suffered severe physical and mental consequences.

83. As a result of the 2019 Incident, ABIGAIL JORDAN suffered several medical consequences, including:

    a.  ABIGAIL JORDAN suffered a severe concussion.

    b.  ABIGAIL JORDAN suffered damage to her C-2 to C-7 vertebrae.

20

c. ABIGAIL JORDAN continues to suffer from post-concussion syndrome.

84. As a result of the damage to her vertebrae, ABIGAIL JORDAN suffered from pronounced balance problems as well as issues with locomotion.

85. ABIGAIL JORDAN's vision was and continues to be severely impaired as a result of the 2019 incident. ABIGAIL JORDAN suffers from double vision which causes her severe nausea and persistent migraine headaches.

86. Furthermore, ABIGAIL JORDAN's ability to read has now been compromised due to her vision problems. As a result, A.E Doe now requires special accommodations in order to participate in school activities. ABIGAIL JORDAN did not require any school accommodations before the 2019 Incident.

87. Despite the accommodations, ABIGAIL JORDAN's grades have drastically fallen as a result of her reading problems. Because of her reading problems, ABIGAIL JORDAN was unable to complete an early college course that would have put her on track to accomplish her dreams of becoming a veterinarian. Had ABIGAIL JORDAN not suffered from vision problems, she would have been able to complete the early college course.

88. The severe physical harm inflicted on ABIGAIL JORDAN because of the 2019 Incident has also caused ABIGAIL JORDAN to develop severe depression.

ABIGAIL JORDAN has lost over 30 pounds since the 2019 Incident and continues to experience intense feelings of hopelessness and despair.

89. As a result of the severe physical and mental damage that ABIGAIL JORDAN has suffered from the 2019 Incident, she has had to see multiple doctors, therapists, and other medical specialists.  ABIGAIL JORDAN continues to require intense medical support.  Since the 2019 Incident JORDAN has had to expend thousands of dollars and continues to have to spend considerable amounts of money to pay for ABIGAIL JORDAN's treatment

90. As a direct and proximate result of Defendant's actions ABIGAIL JORDAN has sustained extreme emotional distress and physical injuries and JORDAN has incurred thousands of dollars of medical expenses and continues to incur medical expenses.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair

investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

### FIFTH CAUSE OF ACTION
**Negligence**
**(Against Defendant Barnwell, Defendant Gym Teacher Doe A, Doe Defendants 1-20, Defendant Chatham)**

91. Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

92. During the 2017-2018 Defendant Barnwell, Defendant Gym Teacher Doe A, and Doe Defendants 1-20 owed ABIGAIL JORDAN a reasonable duty as in loco parentis.  As educators, the Defendants had a duty to ensure that ABIGAIL JORDAN was educated in a safe secure manner free from the risk of physical assault.

93. At the time of the 2017 Incident, Defendant Barnwell, Defendant Gym Teacher Doe A, and Doe Defendants 1-20 were aware that G. Doe had been suspended from school and was not supposed to be in Gym Class.

94. During the 2017 Incident, Defendant Barnwell, Defendant Gym Teacher Doe A, and Doe Defendants 1-20 breached their duty of care to A.E Doe when they

23

allowed G. Doe to physically assault ABIGAIL JORDAN Defendants knew or should have known that G. Doe had been suspended from school and was not supposed to be in Gym Class.

95. As a direct result of Defendant's negligence, ABIGAIL JORDAN was physically attacked by G. Doe. Because of this attack, ABIGAIL JORDAN was sick to her stomach, experienced neck pain, and was diagnosed with a concussion.

96. It was foreseeable to Defendants that G. Doe would be dangerous given that he had been suspended from school and was not allowed in Gym Class.

97. As a direct and proximate result of Defendant's actions Plaintiff ABIGAIL JORDAN has sustained extreme emotional distress and physical injuries.

98. Defendant Barnwell, Defendant Gym Teacher Doe A, and Doe Defendants 1-20 undertook their negligent actions within the scope of their employment with Defendant CHATHAM.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair

investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## SIXTH CAUSE OF ACTION
### Negligence
### (Against Defendant Gym Teacher Doe B, Doe Defendants 1-20, Defendant Chatham)

99. Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

100.    During the 2018-2019, Defendant Gym Teacher Doe B, and Doe Defendants 1-20 owed ABIGAIL JORDAN a reasonable duty as in loco parentis. As educators, the Defendants had a duty to ensure that ABIGAIL JORDAN was educated in a safe secure manner free from the risk of physical assault.

101.    During the 2019 Incident, Defendant Gym Teacher Doe A, and Doe Defendants 1-20 breached their duty of care to ABIGAIL JORDAN when they failed to supervise M. Doe and allowed him to physically assault ABIGAIL JORDAN Given the extensive history of bullying that ABIGAIL JORDAN and

BERTA JORDAN had experienced and given the fact that JORDAN had extensively relayed these experiences to Bennett personnel, the Defendants knew or should have known that ABIGAIL JORDAN would be a likely target for bullying.

102. As a direct result of Defendant's negligence, ABIGAIL JORDAN was physically attacked by M. Doe.

103. As a result of the 2019 Incident, ABIGAIL JORDAN suffered several medical consequences, including:

    a. ABIGAIL JORDAN suffered a severe concussion.

    b. ABIGAIL JORDAN suffered damage to her C-2 to C-7 vertebrae.

    c. ABIGAIL JORDAN continues to suffer from post-concussion syndrome.

104. As a result of the damage to her vertebrae, ABIGAIL JORDAN suffered from pronounced balance problems as well as issues with locomotion.

105. A.E Doe's vision was and continues to be severely impaired because of the 2019 incident. ABIGAIL JORDAN suffers from double vision which causes her severe nausea and persistent migraine headaches.

106. Furthermore, ABIGAIL JORDAN's ability to read has now been compromised due to her vision problems. As a result, ABIGAIL JORDAN now requires special accommodations in order participate in school activities.

ABIGAIL JORDAN did not require any school accommodations before the 2019 Incident.

107.   Despite the accommodations, ABIGAIL JORDAN's grades have drastically fallen as a result of her reading problems.  Because of her reading problems, ABIGAIL JORDAN was unable to complete an early college course that would have put her on track to accomplish her dreams of becoming a veterinarian.  Had ABIGAIL JORDAN not suffered from vision problems; she would have been able to complete the early college course.

108.   The severe physical harm inflicted on ABIGAIL JORDAN because of the 2019 Incident has also caused ABIGAIL JORDAN to develop severe depression. ABIGAIL JORDAN has lost over 30 pounds since the 2019 Incident and continues to experience intense feelings of hopelessness and despair.

109.   As a result of the severe physical and mental damage that ABIGAIL JORDAN has suffered from the 2019 Incident, she has had to see multiple doctors, therapists, and other medical specialists.   ABIGAIL JORDAN continues to require intense medical support.  Since the 2019 Incident, JORDAN has had to expend thousands of dollars and continues to have to spend considerable amounts of money to pay for ABIGAIL JORDAN's treatment

110.   As a direct and proximate result of Defendant's actions ABIGAIL JORDAN has sustained extreme emotional distress and physical injuries and JORDAN has

incurred thousands of dollars of medical expenses and continues to incur medical expenses.

111.    Defendant Gym Teacher Doe B, and Doe Defendants 1-20 undertook their negligent actions within the scope of their employment with Defendant CHATHAM.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

**SEVENTH CAUSE OF ACTION**
**Negligent Infliction of Emotional Distress**
**(Against Defendant G. Doe)**

112.    Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

113.    During the 2017 Incident, G. Doe owed ABIGAIL JORDAN a reasonable duty of care.  As part of that duty, G. Doe owed ABIGAIL JORDAN a duty not to engage in behavior that would cause her extreme emotional distress.

114.    When G. Doe approached ABIGAIL JORDAN and struck her in the head, M. Doe was aware that he would cause significant distress to ABIGAIL JORDAN

115.    As a result of being struck by ABIGAIL JORDAN suffered from extreme emotional distress.

116.    In addition to experiencing emotional distress from experiencing the 2017 Incident itself, ABIGAIL JORDAN has also experienced emotional distress from the severe physical and emotional toll that the 2019 incident took on her.

117.    As a direct and proximate result of G. Doe's actions, ABIGAIL JORDAN experienced and continues to experience severe emotional distress including depression.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

29

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## EIGHTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against Defendant G. Doe)

118.    Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

119.    During the 2017 Incident, G. Doe owed a BERTA JORDAN a reasonable duty of care.  As part of that duty, G. Doe owed BERTA JORDAN a duty not to engage in behavior that would cause her extreme emotional distress.

120.    During the 2017 Incident, G. Doe engaged in extreme and outrageous conduct when, unprovoked approached ABIGAIL JORDAN and hit her with a ball repeatedly.  BERTA JORDAN was standing next to ABIGAIL JORDAN when ABIGAIL JORDAN was attacked

121. When G. Doe approached ABIGAIL JORDAN and struck her in the head, M. Doe was aware that BERTA JORDAN was ABIGAIL JORDAN's sister. G. Doe was aware that by attacking ABIGAIL JORDAN, he would cause significant distress to BERTA JORDAN

122. In addition to experiencing emotional distress from witnessing the 2019 Incident itself, BERTA JORDAN has also experienced emotional distress from witnessing the severe physical and emotional toll that the 2019 incident took on ABIGAIL JORDAN

123. As a direct and proximate result of G. Doe's actions, BERTA JORDAN experienced and continues to experience severe emotional distress including depression.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

31

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## NINTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against Defendant M. Doe)

124.    Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

125.    During the 2019 Incident, M. Doe owed ABIGAIL JORDAN a reasonable duty of care. As part of that duty, M. Doe owed ABIGAIL JORDAN a duty not to engage in behavior that would cause her extreme emotional distress.

126.    When M. Doe approached ABIGAIL JORDAN and struck her in the head, M. Doe was aware that he would cause significant distress to ABIGAIL JORDAN

127.    As a result of being struck by ABIGAIL JORDAN suffered from extreme emotional distress.

128.    In addition to experiencing emotional distress from experiencing the 2019 Incident itself, ABIGAIL JORDAN has also experienced emotional distress from the severe physical and emotional toll that the 2019 incident took on her.

129.    As a direct and proximate result of M. Doe's actions, ABIGAIL JORDAN

experienced and continues to experience severe emotional distress including

depression.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for

actual damages for financial loss, physical harm, humiliation, mental

anguish, and emotional distress and punitive damages in amounts to be

determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of Plaintiff for

an injunction prohibiting the Defendants' wrongful actions, a fair

investigation into Defendants and appropriate discipline of each of the

individual Defendants;

(c)    Enter judgment against Defendants and in favor of Plaintiff for

all costs sustained in connection with the prosecution of this action,

including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

**TENTH CAUSE OF ACTION**
**Negligent Infliction of Emotional Distress**
**(Against Defendant M. Doe)**

130.    Plaintiffs incorporate by reference every preceding allegation as if specifically

set forth herein.

33

131. During the 2019 Incident, M. Doe owed a BERTA JORDAN a reasonable duty of care. As part of that duty, M. Doe owed BERTA JORDAN a duty not to engage in behavior that would cause her extreme emotional distress.

132. During the 2019 Incident, M. Doe engaged in extreme and outrageous conduct when, unprovoked approached ABIGAIL JORDAN and hit her with a ball in her left temple with extreme force. BERTA JORDAN was standing next to ABIGAIL JORDAN when ABIGAIL JORDAN was attacked

133. When M. Doe approached ABIGAIL JORDAN and struck her in the head, M. Doe was aware that BERTA JORDAN was ABIGAIL JORDAN's sister. M. Doe was aware that by attacking ABIGAIL JORDAN, he would cause significant distress to BERTA JORDAN

134. In addition to experiencing emotional distress from witnessing the 2019 Incident itself, BERTA JORDAN has also experienced emotional distress from witnessing the severe physical and emotional toll that the 2019 incident took on ABIGAIL JORDAN

135. As a direct and proximate result of M. Doe's actions, BERTA JORDAN experienced and continues to experience severe emotional distress including depression.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## ELEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against Defendant Barnwell, Defendant Gym Teacher Doe A, Doe Defendants 1-20, Defendant Chatham)

136.   Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

137.   During the 2017-2018 School Year, Defendant Barnwell, Defendant Gym Teacher Doe A, and Doe Defendants 1-20 owed BERTA JORDAN a reasonable duty as in loco parentis.  As educators, the Defendants had a duty to ensure that

BERTA JORDAN was educated in a safe secure manner free from the risk of having to witness severe harm inflicted on a family member.

138. During the 2017 Incident, Defendant Gym Teacher Doe B, and Doe Defendants 1-20 breached their duty of care to BERTA JORDAN when they failed to supervise G. Doe and allowed him to physically assault ABIGAIL JORDAN right in front of BERTA JORDAN Defendants knew or should have known that G. Doe had been suspended from school and was not supposed to be in Gym Class. Furthermore, Defendants knew or should have known that G Doe would engage in emotionally damaging behavior given that he had been suspended from school and was not allowed in Gym Class.

139. In addition to experiencing emotional distress from witnessing the 2017 Incident itself, BERTA JORDAN has also experienced emotional distress from witnessing the severe physical and emotional toll that the 2017 incident took on ABIGAIL JORDAN

140. As a direct and proximate result of Defendant's negligence BERTA JORDAN has sustained extreme emotional distress including depression.

141. Defendant Barnwell, Defendant Gym Teacher Doe B, and Doe Defendants 1-20 undertook their negligent actions within the scope of their employment with Defendant CHATHAM.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## TWELVTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against Defendant Gym Teacher Doe B, Doe Defendants 1-20, Defendant Chatham)

142.    Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

143.    During the 2018-2019 school year, Defendant Gym Teacher Doe B, and Doe Defendants 1-20 owed BERTA JORDAN a reasonable duty as in loco parentis. As educators, the Defendants had a duty to ensure that BERTA JORDAN was

37

educated in a safe secure manner free from the risk of having to witness severe harm inflicted on a family member.

144. During the 2019 Incident, Defendant Gym Teacher Doe B, and Doe Defendants 1-20 breached their duty of care to BERTA JORDAN when they failed to supervise M. Doe and allowed him to physically assault A.E Doe right in front of BERTA JORDAN Given the extensive history of bullying that ABIGAIL JORDAN and BERTA JORDAN had experienced and given the fact that JORDAN had extensively relayed these experiences to Bennett personnel, the Defendants knew or should have known that ABIGAIL JORDAN would be a likely target for bullying. Furthermore, Defendants knew or should have known that BERTA JORDAN would experience significant emotional distress by witnessing by sister being attacked.

145. In addition to experiencing emotional distress from witnessing the 2019 Incident itself, BERTA JORDAN has also experienced emotional distress from witnessing the severe physical and emotional toll that the 2019 incident took on ABIGAIL JORDAN

146. As a direct and proximate result of Defendant's negligence BERTA JORDAN has sustained extreme emotional distress including depression.

147. Defendant Gym Teacher Doe B, and Doe Defendants 1-20 undertook their negligent actions within the scope of their employment with Defendant CHATHAM.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

### THIRTEENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against Defendant Barnwell, Defendant Gym Teacher Doe A, Defendant Gym Teacher Doe B, Doe Defendants 1-20, Defendant Chatham)

148. Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

39

149. Defendant Barnwell, Defendant Gym Teacher Doe A, Defendant Gym Teacher Doe B, and Doe Defendants 1-20 owed ABIGAIL JORDAN a reasonable duty as in loco parentis. As educators, the Defendants had a duty to ensure that ABIGAIL JORDAN was educated in a safe secure manner free from the risk of having to witness severe harm inflicted on a family member.

150. Defendants breached their duty of care to ABIGAIL JORDAN when they failed prevent the widespread bullying experienced by BERTA JORDAN, thereby subjecting ABIGAIL JORDAN to the pain of having to witness her sister's bulling. Given the extensive history of bullying that ABIGAIL JORDAN and BERTA JORDAN had experienced and given the fact that JORDAN had extensively relayed these experiences to Bennett personnel, the Defendants knew or should have known that BERTA JORDAN would be a likely target for bullying. Furthermore, Defendants knew or should have known that ABIGAIL JORDAN would experience significant emotional distress by witnessing her sister being bullied.

151. As a direct and proximate result of Defendant's negligence BERTA JORDAN has sustained extreme emotional distress including depression.

152. Defendant Barnwell, Defendant Gym Teacher Doe A, Defendant Gym Teacher Doe B, and Doe Defendants 1-20 undertook their negligent actions within the scope of their employment with Defendant CHATHAM.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## VI.    JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Date: December 5, 2022                    Respectfully Submitted,

Keith Altman, Esq. (*pro hac vice*)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334

41

Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a copy of the foregoing PLAINTIFF'S AMENDED COMPLAINT was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such to the following:

Lindsay Vance Smith
THARRINGTON SMITH, L.L.P.
150 Fayetteville Street, Suite 1800
PO Box 1511
Raleigh, NC 27602-1151
Email: lsmith@tharringtonsmith.com
*Attorney for Chatham County Board of Education*

Service has been sent via U.S. Certified Mail, return receipt requested, to the following:

Dan Barnwell
2377 Long Hope Road
Todd, North Carolina 28684

This the 5th day of December 2022.

Keith Altman, Esq.