IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:22-cv-00012-WO-JEP

| | | |
|---|---|---|
| ABIGAIL JORDAN and BERTA JORDAN, individually, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **MEMORANDUM OF LAW IN SUPPORT OF CHATHAM COUNTY BOARD OF EDUCATION'S MOTION TO DISMISS AMENDED COMPLAINT** |
| CHATHAM COUNTY BOARD OF EDUCATION; DAN BARNWELL; G. DOE (a minor); M. DOE (a minor); GYM TEACHER DOE A; GYM TEACHER DOE B; DOES 1 through 20, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Defendant Chatham County Board of Education ("Board"), by and through its attorneys and pursuant to Local Civil Rule 7.3, M.D.N.C., submits this Memorandum of Law in support of its Motion to Motion to Dismiss Amended Complaint.

## STATEMENT OF THE CASE

This civil action was originally filed by Susie Jordan, the parent of Plaintiffs Abigail and Berta Jordan on January 10, 2022, bringing claims on Ms. Jordan's own behalf and on behalf of her twin daughters. *See* D.E. 1. At the same time, Ms. Jordan filed a Motion to Appoint ad Litem on behalf of B.A.J. and A.E.J. D.E. 3. At that time, Plaintiff was not represented by counsel. On February 4, 2022, upon the order of this Court, the matter was subsequently stayed for sixty days to permit Ms. Jordan to obtain

1

counsel since she could not proceed *pro se* in federal court representing the interests of her children. D.E. 6.

On March 23, 2022, Ms. Jordan sought an extension of time to obtain counsel, which this Court granted through July 15, 2022. D.E. 7; D.E. 8. On July 14, 2022, Ms. Jordan's counsel moved to appear *pro hac vice* without local counsel. D.E. 10. On September 14, 2022, this Court granted counsel's motion to appear *pro hac vice*, terminated Plaintiff's motion for appointment of Guardian Ad Litem, and ordered that service be made within 90 days of the Court's order. D.E. 11.

A copy of the summons and complaint was delivered to the office of the Chatham County Board of Education on September 22, 2022, along with a request for a waiver of the service of summons. On Wednesday, October 12, 2022, the Board returned an executed waiver of the service of summons to Plaintiff's counsel. D.E. 12.

On November 14, 2022, the Board filed a Motion to Dismiss the Complaint on multiple grounds. D.E. 17. In response, on December 5, 2022, Ms. Jordan's counsel filed an Amended Complaint, dropping Ms. Jordan as a plaintiff and asserting claims on behalf of Abigail Jordan and Berta Jordan in their own capacities. D.E. 20. The Amended Complaint names as defendants the Chatham County Board of Education, two minor children who attended Plaintiffs' school during the 2017-2018 and 2018-2019 school years (Defendants G. Doe and M. Doe), the principal of the Bennett School during the 2017-2018 school year (Defendant Dan Barnwell), two unidentified gym teachers at the Bennett School (Defendants Gym Teacher Doe A and Gym Teacher Doe B), and other unidentified Board employees (Does 1-20). D.E. 20 ¶¶ 3-5, 8-11.

2

## STATEMENT OF FACTS AS ALLEGED IN AMENDED COMPLAINT

Plaintiffs Abigail Jordan and Berta Jordan are residents of Chatham County, who attended the Bennett School in the Chatham County Schools ("the District") from 2012 through 2019. D.E. 20 ¶¶ 1, 2, 23.[1]

Berta has Asperger's Syndrome. ¶ 25. Plaintiffs allege that, as a result of Berta's Asperger's Syndrome, she was bullied by her peers, including the daughter of Defendant Barnwell, from the time she started school at Bennett. ¶¶ 26-28. Specifically, Berta was prevented from using the bathroom "on many occasions," which resulted in her soiling her clothes. ¶ 28. Plaintiffs contend that although their parent[2] spoke with Barnwell on a weekly basis about his daughter's behavior towards Berta, Barnwell took no action to help Berta. ¶ 39.

On September 11, 2017, an incident occurred in physical education class, during which Berta was pushed to the floor by another student and sustained bruising as a result of the incident. ¶¶ 30, 32. Furthermore, while Abigail was attempting to help Berta, another student in the class (the unnamed "G. Doe" defendant), hit Abigail in the head with a ball five or six times. ¶ 30. Plaintiffs contend that G. Doe was under a suspension at the time of the incident and should not have been in the P.E. class as a result. ¶ 31.

Following the incident, Abigail felt sick to her stomach and had neck pain. ¶ 33. Abigail was ultimately diagnosed with a concussion. *Id.*

---

[1] Hereafter, all paragraph references are to the Amended Complaint.
[2] Where the Amended Complaint makes reference to "JORDAN," the Board assumes Plaintiffs intend to refer to their parent, Susie Jordan.

3

After learning of the incident from "other parents," Ms. Jordan contacted District personnel to discuss the incident. ¶¶ 34-35. During multiple conversations with District and school personnel, Ms. Jordan raised concerns about bullying against Berta but Plaintiffs claim "[n]o action was taken" on Ms. Jordan's concerns. ¶¶ 35, 37. Plaintiffs also claim that Defendant Barnwell "shielded" Ms. Jordan from all evidence of the incident by denying her permission to view a video of the incident or talk to the gym teacher. ¶ 36.

As a result of the incident, Ms. Jordan withdrew Abigail and Berta from Bennett in September 2017 and homeschooled them. ¶ 40. Plaintiffs also allege that Defendant Barnwell was "forced to resign" from his role as school principal in early 2018 because of the September 2017 incident "and other similarly outrageous incidents." ¶ 38.

Abigail and Berta returned to school at Bennett in February 2018. ¶ 40. The following school year, in January 2019, another incident occurred in P.E. class in which another student (the unnamed "M. Doe" defendant) "slammed" a ball into Abigail's left temple. ¶ 41. According to Plaintiffs, the impact of the hit was so severe that Abigail does not remember being hit. ¶ 42.

As a result of this incident, Plaintiffs allege that Abigail sustained a severe concussion and damage to the C-2 to C-7 vertebrae in her neck and upper back. ¶ 43. She was also diagnosed with post-concussion syndrome. ¶ 44. The post-concussion syndrome has impacted Abigail vision, including diminishing vision, eye coordination, and double vision. ¶ 45. Plaintiffs contend that Abigail also suffers from "continuous motion

4

sickness" and "constant" migraine headaches, as well as "difficulty with her vestibular system." ¶ 45.

As a result of the injuries Abigail allegedly sustained from the September 2019 incident, her ability to read has been "jeopardized," ¶ 46; she needs special accommodations to continue school, ¶ 48; and she was unable to continue with her early college program, *id*. In addition, according to Plaintiffs, as a result of their experiences at Bennett, both Abigail and Berta suffer from severe depression. ¶ 51. Finally, according to Plaintiffs, the costs of treatment and therapies for Abigail's injuries has reached "several thousand dollars." ¶ 47.

## QUESTIONS PRESENTED

I. Whether Plaintiffs' claims against employees of the Chatham County Board of Education should be dismissed as duplicative of claims brought directly against the Board.

II. Whether state-law tort claims brought against the Board should be dismissed based on governmental immunity.

III. Whether Plaintiffs' claims against the Board should be dismissed for failure to state a claim.

IV. Whether any claims for injunctive, declaratory, and equitable relief should be dismissed for lack of standing.

V. Whether any claims for punitive damages against the Board should be dismissed.

5

## STANDARD OF REVIEW

## I.    STANDARD FOR RULE 12(b)(1) MOTION.

"The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a case must be dismissed." *Mills-Craddock v. Gates, et al.,* No. 5:10-CV-597-F, 2012 WL 3594634, at *2 (E.D.N.C. August 20, 2012) (unpublished) (citing *Steel Co. v. Citizens for a Better Env't.,* 523 U.S. 83, 96 (1998)). "In a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant." *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). A defendant may challenge subject matter jurisdiction by contending that (1) a complaint fails to allege facts upon which subject matter jurisdiction can be based, or (2) that, although a complaint alleges sufficient facts to invoke subject matter jurisdiction, those facts are not themselves true. *Id.*; *see also Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009).

When a defendant raises a jurisdictional defense, the court is no longer bound to accept the facts as contained in the complaint as true. In considering a motion to dismiss based on Rule 12(b)(1), the court is "to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks omitted).  *See also, e.g., Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (explaining that where defendant contends that jurisdictional allegations of complaint are not true, court may go beyond allegations of complaint and determine if there are facts to support jurisdictional allegations).

6

## II.   STANDARD FOR RULE 12(b)(6) MOTION.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). When considering a motion to dismiss on this basis, a court must accept as true all well-pleaded factual allegations in the complaint, viewing the complaint in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, a plaintiff has "the burden . . . to allege facts sufficient to state all the elements of her claim." *Bass v. E.I. Dupont De Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (affirming Rule 12(b)(6) dismissal of plaintiff's claim of hostile work environment discrimination). "While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." *Id.* at 765 (emphasis in original).

A motion to dismiss under Rule 12(b)(6) will succeed if a plaintiff fails to establish a "plausible" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (applying *Twombly* "plausibility standard"); *Coleman v. Maryland Ct. of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010) (same). Further, when considering a motion to dismiss, a court need not accept a complaint's legal conclusions. *Iqbal,* 556 U.S. at 678-79; *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Alexander v. City of Greensboro*, 762 F. Supp. 2d 764, 780 (M.D.N.C. 2011). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or

7

arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint must allege "more than a sheer possibility that a defendant has acted

unlawfully." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### I. PLAINTIFFS' CLAIMS AGAINST SCHOOL EMPLOYEE DEFENDANTS ARE DUPLICATIVE AND SHOULD BE DISMISSED.

The North Carolina Supreme Court has held that pleadings must "clearly" state the

capacity in which a defendant is being sued. *Mullis v. Sechrest*, 347 N.C. 548, 554, 495

S.E.2d 721, 724 (1998). "In the absence of such clarity, it will be presumed that the

defendant[s are] being sued in [their] official capacity." *Warren v. Guilford Cty.*, 129

N.C. App. 836, 839, 500 S.E.2d 470, 472 (1998). Although the Amended Complaint

identifies multiple school employees (both named and unnamed) as defendants, Plaintiffs

have failed to identify the capacity in which those defendants are being sued and, as such,

Plaintiffs are presumed to have brought suit against those defendants in their official

capacities.

However, courts have repeatedly held that official-capacity suits are redundant

because they are merely another way of pleading an action against an entity of which an

officer is an agent. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Andrews*

*v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000) (same); *Meyer v. Walls*, 347 N.C. 97, 110, 489

S.E.2d 880, 887 (1997) ("[A] suit against a defendant in his official capacity means that

the plaintiff seeks recovery from the entity of which the public servant defendant is an

agent."). "Suing a governmental employee in his 'official' capacity is simply another way

8

of pleading an action against the governmental entity." *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 399 (M.D.N.C. 2004) (dismissing official capacity claims against individual defendants where the governmental entity was also sued). Because Plaintiffs have brought identical claims against the Chatham County Board of Education, Dan Barnwell, "Gym Teacher Doe A," "Gym Teacher Doe B," and Doe Defendants 1-20, Plaintiffs' claims against the individual defendants in their official capacity are redundant and should be dismissed altogether.

## II.   THE CHATHAM COUNTY BOARD OF EDUCATION HAS NOT WAIVED ITS IMMUNITY TO BE SUED FOR STATE-LAW TORT CLAIMS.

The doctrine of governmental immunity bars suits against "the state, its counties, and its public officials sued in their official capacity." *Herring v. Winston-Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 683, 529 S.E.2d 458, 461 (2000). In North Carolina, "[a] county or city board of education is a governmental agency, and therefore may not be liable in a tort action except insofar as it has duly waived its [governmental] immunity from tort liability pursuant to statutory authority." *Yarbrough v. E. Wake First Charter Sch.*, 108 F. Supp. 3d 331, 337 (E.D.N.C. 2015) (quoting *Seipp v. Wake Cnty. Bd. of Educ.*, 132 N.C. App. 119, 121, 510 S.E.2d 193, 194 (1999) (internal quotation marks omitted)). Because immunity is a jurisdictional issue, "a plaintiff's complaint must affirmatively demonstrate the basis for the waiver of immunity when suing a governmental entity which has immunity." *Arrington v. Martinez*, 215 N.C. App. 252, 263, 716 S.E.2d 410, 417 (2011).

9

North Carolina General Statutes § 115C-42 authorizes a local board of education to waive governmental immunity through the purchase of liability insurance and is the "*exclusive* means of a local board of education to waive immunity." *Doe by next friend Pullen-Smith v. Qually*, No. 5:20-CV-523-FL, 2021 WL 2546456, at *8 (E.D.N.C. June 21, 2021) (citing *Ripellino v. North Carolina Sch. Bds. Assoc.*, 158 N.C. App. 423, 428, 581 S.E.2d 88, 92 (2003)) (emphasis added). "North Carolina Courts strictly construe § 115C–42 against waiver." *Barrett v. Bd. of Educ. of Johnston Cty.*, N.C., 13 F. Supp. 3d 502, 513 (E.D.N.C.), *aff'd* on other grounds, 590 Fed. App'x 208 (4th Cir. 2014)).

Although the Board has elected to participate in the North Carolina School Boards Trust ("the Trust"), it is well-settled law in North Carolina that such an agreement does not meet the requirements necessary to waive immunity under N.C. Gen. Stat. § 115C-42. *See, e.g., Barrett v. Board of Educ. of Johnston County*, 13 F. Supp. 3d 502, 508 (E.D.N.C. 2014) (finding no waiver of sovereign immunity where participation in the Trust was the "sole source of potential insurance coverage"). Indeed, the language of the Board's agreement with the Trust expressly states that:

> The NCSBT Coverage Agreement is not a contract of insurance by a company or corporation duly licensed and authorized to execute insurance contracts in this State or by a qualified insurer as determined by the Department of Insurance. Therefore, the NCSBT Coverage Agreement expressly is not considered a waiver of governmental immunity as provided in N.C.G.S. §115C-42.

*See* D.E. 17-2 at 4. Moreover, the Board's Chief Finance Officer, Tony Messer, has confirmed that the Board has not purchased or otherwise secured any general liability insurance coverage or risk protection for tort claims other than that which it has obtained by virtue of its participation in the Trust. *See* D.E. 17-3 at ¶ 5.

Because the Board does not have insurance coverage for any state-law tort claims, the Board has not waived its governmental immunity, and Plaintiffs' claims for negligence and negligent infliction of emotional distress against the Chatham County Board of Education (Counts 5, 6, 11, 12, and 13) must be therefore dismissed. *See Irving v. Charlotte-Mecklenburg Bd. of Educ.*, No. 13-34, 2013 WL 5508370, at *1-2 (N.C. Ct. App. Oct. 1, 2013) (upholding trial court's grant of Rule 12(b)(1) and (b)(2) motion to dismiss negligence claims where supporting affidavit indicated that policy was not intended to waive school board's governmental immunity).

## III. PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO SUPPORT THEIR CLAIMS.

### A. Plaintiff Berta Jordan's Claims Under the ADA and Section 504 (Counts 1 and 2) Should be Dismissed.

To state a claim for student-on-student disability harassment, Berta must show:

> [She] was an individual with a disability, harassed by fellow students based on [her] disability; that the disability-based harassment was sufficiently "severe, pervasive, and objectively offensive" that it effectively deprived [her] of "access to educational benefits and opportunities" at school, and that the school knew about the disability-based student-on-student harassment and was deliberately indifferent to it.

*S.B. ex rel. A.L. v. Bd. of Educ. of Harford Cty.*, 819 F.3d 69, 76 (4th Cir. 2016) (internal citations omitted).[3] "[T]he Supreme Court has 'set[] the bar high for deliberate indifference.' . . . '[A] school may not be held liable . . . under § 504 for what its students do, but only for what is effectively an official decision by [the school] not to remedy

---

[3] "'To the extent possible, . . . the ADA and Rehabilitation Act [are construed] to impose similar requirements' and, thus, 'they require a plaintiff to demonstrate the same elements to establish liability.'" *Sciacca v. Durham Cty. Bd. of Educ.*, 509 F. Supp. 3d 505, 523 (M.D.N.C. 2020) (quoting *Halpern v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 461 (4th Cir. 2012)).

student-on-student harassment.'" *Sciacca*, 509 F. Supp. 3d at 523 (M.D.N.C. 2020) (quoting *S.B. ex rel. A.L.*, 819 F.3d at 76-77). Thus, to show deliberate indifference, "it is not enough that a school has failed to eliminate student-on-student harassment, or to impose the disciplinary sanctions sought by a victim," rather the school's "'response . . . or lack thereof is clearly unreasonable in light of the known circumstances.'" *S.B. ex rel. A.L.*, 819 F.3d at 77 (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999)).

Here, Berta's ADA and Section 504 claims are based on two different sets of factual allegations: first, general allegations that Berta was bullied because of her Asperger's Syndrome, ¶¶ 61.a, 71.a; and, second, allegations that in September 2017, Berta was "viciously pushed to the ground by a classmate" because of her disability, ¶¶ 61.b, 71.b.[4] In neither instance has Berta alleged that Bennett School or the Chatham County Schools was deliberately indifferent with respect to such alleged bullying. Moreover, there is no allegation that, to the extent that Berta's mother had to provide changes of soiled clothes for her, this was because of disability-related bullying, such that

---

[4] To the extent Plaintiffs attempt to assert Section 504 and ADA claims based on allegations that the Board failed to provide appropriate accommodations to Abigail and Berta and failed to implement their IEPs (¶¶ 49-50), these claims should be dismissed because Plaintiffs have failed to exhaust their administrative remedies under Section 504 and/or the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1415(l) (before bringing suit under a federal law "seeking relief that is also available under" the IDEA, plaintiffs must first exhaust the IDEA's administrative procedures as set forth by the state); *A.H. by & through H.C. v. Craven Cty. Bd. of Educ.*, No. 4:16-CV-282-BO, 2017 WL 3493612, at *4 (E.D.N.C. Aug. 14, 2017) (quoting *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 137 S. Ct. 743, 752 (2017) ("[A] plaintiff is required to exhaust the IDEA'S administrative remedies before filing a suit under Section 504 or the ADA when the 'gravamen' or essence of a plaintiff's suit concerns the denial of a [free appropriate public education].").

the school was deliberately indifferent by allegedly taking no action on this information. And, finally, there are no plausible factual allegations in the Amended Complaint to suggest that Berta was pushed to the ground during gym class in September 2017 because of her disability (other than conclusory allegation included in the Amended Complaint), nor is there any suggestion that the school should have known that Berta would be pushed or otherwise targeted by the specific classmate that pushed her on that specific date. Without more, such bare facts cannot support her claims under the ADA and Section 504, and these claims should therefore be dismissed. *Cf. Nance v. Rowan-Salisbury Bd. of Educ.*, No. 1:17-CV-957, 2019 WL 1437212, at *5 (M.D.N.C. Feb. 27, 2019) (dismissing Title IX claims under analogous standard where the complaint "fail[ed] to allege facts sufficient to create a plausible inference that the Board made a decision to remain idle in the face of known student-on student harassment or an official decision by the school not to remedy the violation" (internal quotation marks omitted)).

## B. Plaintiffs Fails to Allege Facts Sufficient to Support Their Negligent Infliction of Emotional Distress Claims (Counts 11-13).

The Board strongly contends that Plaintiffs' negligent infliction of emotional distress claims (Counts 11, 12, and 13) against the Chatham County Schools should be dismissed because, as discussed more fully above in Section II, the Board has not waived its immunity from suit. However, in the alternative, these claims should nevertheless be dismissed because Plaintiffs fail to allege facts sufficient to support these claims.

In North Carolina "[t]he substantive elements of negligent infliction of emotional distress are: (1) the defendant negligently engaged in conduct, (2) it was reasonably

foreseeable that such conduct would cause the plaintiff severe emotional distress ..., and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Acosta v. Byrum*, 180 N.C. App. 562, 567, 638 S.E.2d 246, 250 (2006) (internal quotations omitted). Moreover, "[c]onduct supporting negligent or intentional infliction of emotional distress must 'be regarded as atrocious, and utterly intolerable in a civilized society.'" *Ennett v. Cumberland Cty. Bd. of Educ.*, 698 F. Supp. 2d 557, 560 (E.D.N.C. 2010) (citing *Wagoner v. Elkin City Schools' Bd. of Educ.*, 113 N.C. App. 579, 440 S.E.2d 119, 123 (1994)). "Whether the conduct alleged is sufficiently 'extreme and outrageous' is a question of law." *Swaim v. Westchester Acad., Inc.*, 170 F. Supp. 2d 580, 584 (M.D.N.C. 2001).

Here, Plaintiffs have alleged that Chatham County School employees breached their duty of care to Berta when (1) they "failed to supervise G. Doe and allowed him to physically assault ABIGAIL JORDAN right in front of BERTA JORDAN" in 2017, ¶ 138 (Count 11), and (2) they "failed to supervise M. Doe and allowed him to physically assault A.E. Doe [sic] right in front of BERTA JORDAN" in 2019, ¶ 144 (Count 12). Plaintiffs have also alleged that Chatham County Board of Education employees breached their duty of care to Abigail when they "failed to prevent the widespread bullying experienced by BERTA JORDAN, thereby subjecting ABBIGAIL JORDAN to the pain of having to witness her sister's bullying." ¶ 150 (Count 13). Yet nowhere in their Amended Complaint have Plaintiffs alleged that it should have been reasonably foreseeable that these employees' alleged negligence would have caused either Abigail or Berta severe emotional distress—nor can they. Courts have dismissed complaints that

have alleged similar negligent conduct for failing to meet the higher standard for bringing a claim for negligent infliction of emotional distress. *See, e.g.*, *Ennett*, 698 F. Supp. 2d at 560 (finding allegations of "insults and indignities" did not rise to the level of "extreme and outrageous behavior"); *Swaim*, 170 F. Supp. 2d at 584 ("Plaintiff alleges no facts that suggest that Defendants went beyond all possible bounds of decency in handling Plaintiff's termination or otherwise."); *Buser v. S. Food Serv., Inc.*, 73 F. Supp. 2d 556, 573 (M.D.N.C. 1999) (objectionable conduct did not rise to the level of "extreme and outrageous").

For these reasons, Counts 11-13 should be dismissed.

## IV.   PLAINTIFFS LACK STANDING TO BRING CLAIMS FOR INJUNCTIVE, DECLARATORY, AND EQUITABLE RELIEF.

For all claims in the Amended Complaint, Plaintiffs seek not only "actual" and punitive damages but also injunctive, forward-looking relief "prohibiting Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants." D.E. 20 at 14, 17, 19, 22-23, 24-25, 28, 30, 31, 33, 35, 37, 39, 41. Because Plaintiffs lack standing to bring any claims for injunctive relief, all such claims should be dismissed.

A plaintiff seeking "to enjoin a future action must demonstrate [both] [(a)] that he 'is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and [(b) that] the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Lebron v. Rumsfeld*, 670 F.3d 540, 560 (4th Cir. 2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)); *see also*

*Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) ("To seek injunctive relief, a plaintiff must show that he is under threat of suffering injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."); *Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 655 (4th Cir. 2019) ("Imminence is concededly a somewhat elastic concept, but it cannot be stretched beyond its purpose…In short, an injury should be certainly impending to serve as the basis for standing in a suit for injunctive relief." (internal citations and quotations omitted)).

As Fourth Circuit explained in *Lebron*,

> Time and again, the [Supreme] Court has reiterated that '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.' And it is equally insufficient for a plaintiff claiming standing to observe that the challenged conduct is repeatable in the future. Nor does a claim that the purportedly illegal practice is commonly used suffice to make the threat to the plaintiff sufficiently concrete.

670 F.3d at 561 (internal citations omitted).

Here, Plaintiffs fail to identify either current, ongoing injury or a real or immediate threat of injury in the future. Although the Amended Complaint contains a number of allegations regarding *past* conduct by Chatham County Schools staff and students towards both plaintiffs, it is silent as to current injury. Merely alleging some past harm simply does not satisfy the standing requirements for injunctive or declaratory relief. *See Lyons*, 461 U.S. at 102 ("[P]ast exposure to illegal conduct does not in itself show a

present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (internal quotations omitted); *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2017) ("[A]llegations of past injuries do not in themselves show a present case or controversy if unaccompanied by any continuing, present adverse effects.") (internal quotation and alteration marks omitted).

Moreover, nowhere does the Amended Complaint allege that either Abigail or Berta are current students of the Chatham County Schools, such that they may be subjected to a "real or imminent threat of future harm." ¶¶ 1, 2 (Plaintiffs "attended" the Bennett School in the Chatham County Schools district). Nor have Plaintiffs made any allegations that intend to re-enroll in the Chatham County Schools in the future. And even if Plaintiffs *had* made such allegations, they would still be insufficient to plead that they are at risk of imminent injury:

> A "vague desire to return [to an area of alleged injury] is insufficient to satisfy the requirement of imminent injury. Such some day intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the actual or imminent injury that our cases required."

*Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (internal quotations omitted). Courts within this District regularly dismiss claims for injunctive and declaratory relief on standing grounds when the plaintiffs fail to plausibly allege a specific intention to return to a place where they are at risk of imminent injury. *See, e.g., Payne v. Chapel Hill North Properties, LLC*, 947 F.Supp.2d 567, 577 (M.D.N.C. 2013) (dismissing ADA claim when the plaintiff failed to allege a plausible claim that she had clear plans to return to the subject property, and therefore failed to allege she faced an actual or

imminent threat of future harm); *Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc.*, No. 1:11-cv-941, 2012 WL 1440226, at *8 (M.D.N.C. Apr. 26, 2012) (same); *Nat'l Alliance for Accessibility, Inc. v. Triad Hospitality Corp.*, No. 1:11-cv-527, 2012 WL 996661, at *8 (M.D.N.C. Mar. 23, 2012) (same).

Because the Plaintiffs do not allege a real or immediate threat of future injury, their claims for prospective relief should be dismissed. *Griffin*, 912 F.3d 649, 655-57 (affirming dismissal of plaintiff's claim for injunctive relief when plaintiff failed to allege he was likely to suffer future harm); *Lebron*, 670 F.3d at 560-62 (affirming dismissal of plaintiff's claim for injunctive relief when plaintiff failed to allege a real or immediate threat of injury).[5]

## V. PUNITIVE DAMAGES CANNOT BE RECOVERED AGAINST THE CHATHAM COUNTY BOARD OF EDUCATION AS A MATTER OF LAW.

Finally, to the extent the Amended Complaint seeks punitive damages against the Chatham County Board of Education, such a claim should be dismissed because punitive damages cannot be recovered against a governmental entity such as the Board. It is well-settled that punitive damages may not be awarded against a board of education in North Carolina. *See, e.g., Ripellino*, 158 N.C. App. at 431, 581 S.E.2d at 94 (holding that in the

---

[5] To the extent Plaintiffs' claims arise out of generalized concerns regarding the District's treatment of students with disabilities, the courts have made clear that concern for the interests of others does not confer standing in the absence of concrete, particularized harm. *See, e.g., Hollingsworth v. Perry*, 570 U.S. 693, 706-07 ("[A] generalized grievance, no matter how sincere, is insufficient to confer standing. . . . Article III standing is not to be placed in the hands of concerned bystanders, who will use it simply as a vehicle for the vindication of value interests.") (internal quotations omitted).

18

absence of statutory provisions to the contrary, county board of education, as governmental entity, was not subject to punitive damages); *Sides v. Cabarrus Memorial Hosp., Inc.*, 22 N.C. App. 117, 120, 205 S.E.2d 784, 787, *modified on other grounds*, 287 N.C. 14, 213 S.E.2d 297 (1974) (holding that municipal corporations are immune from punitive damages include cities, towns and school districts). *See also Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981) (holding that municipalities are immune from punitive damages under 42 U.S.C. § 1983); *Long v. City of Charlotte*, 306 N.C. 187, 206-07, 293 S.E.2d 101, 115 (1982) (holding that in absence of statutory provisions to contrary, municipal corporations are immune from punitive damages). In this case, there is no statutory exception that would permit an award of punitive damages, nor an allegation of such an exception. For this reason, any claim for punitive damages against the Chatham County Board of Education should be dismissed.

## CONCLUSION

For the reasons set forth above, the Board respectfully requests that this Court dismiss with prejudice all claims against the Chatham County Board of Education.

This the 19th day of December 2022.

Respectfully submitted,

/s/ Lindsay Vance Smith
THARRINGTON SMITH, L.L.P.
Lindsay Vance Smith
N.C. State Bar No. 48085
150 Fayetteville Street, Suite 1800
Post Office Box 1151
Raleigh, North Carolina  27602-1151
Telephone:  (919) 821-4711
Fax:  (919) 829-1583

19

E-mail: lsmith@tharringtonsmith.com
*Attorney for Chatham County Board of*
*Education*

20

## **WORD COUNT CERTIFICATION**

Pursuant to Local Rule 7.3 (d), I hereby certify that the foregoing memorandum of law is less than 6,250 words (excluding caption, signature line, and certificates of counsel) as reported by the word-processing software.

This the 19th day of December 2022.


*/s/ Lindsay Vance Smith*

THARRINGTON SMITH, L.L.P.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF CHATHAM COUNTY BOARD OF EDUCATION'S MOTION TO DISMISS AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such to the following:

Keith Altman
West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
Email: keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*

This the 19th day of December 2022.

THARRINGTON SMITH, L.L.P.

/s/ Lindsay Vance Smith