# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ABIGAIL JORDAN and BERTA JORDAN, individually, | CASE NO. 1:22-cv-12 |
| *Plaintiffs,* | |
| v. | **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CHATHAM COUNTY BOARD OF EDUCATION'S MOTION TO DISMISS AMENDED COMPLAINT** |
| CHATHAM COUNTY BOARD OF EDUCATION, et. al., | |
| *Defendants.* | |

Plaintiffs, Abigail Jordan and Berta Jordan, by and through their attorney, submit this Response in Opposition to Defendant Chatham County Board of Education's Motion to Dismiss the Amended Complaint.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ...............................................................................................1

STANDARD OF REVIEW ...................................................................................1

ARGUMENT .....................................................................................................2

    I.    Plaintiff's claims against school employee Defendants are not duplicative and therefore should not be dismissed. ..........................................................2

    II.   The Chatham County Board of Education has waived its immunity to be sued for state law tort claims. ...................................................................3

    III.   Plaintiffs allege facts sufficient to support their claims. ..............................5

    IV.  Plaintiffs have standing to bring their claims for injunctive, declaratory, and equitable relief. .........................................................................................6

    V.   Punitive damages can be recovered against the Chatham County Board of Education. .................................................................................................7

CONCLUSION ..................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Allianz Insurance Co. of Canada v. Cho Yang Shipping Co., Ltd.*, 131 F. Supp. 2d 787, 789 (E.D. Va. 2000)..................................................................................1

*Am. Woodland Indus., Inc. v. Tolson*, 155 N.C. App. 624, 626, 574 S.E.2d 55, 57 (2002)..............................................................................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)....2

*Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002) .......................7

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...............................................................................................................2

*Bone v. Univ. of N. Carolina Health Care Sys.*, 2022 WL 138644 at *62 (M.D.N.C. Jan. 14, 2022 ..........................................................................................................6

*Carawan v. Tate*, 53 N.C. App. 161, 165, 280 S.E.2d 528, 531 (1981)....................8

*Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir.1984)................................................2

*Dolgaleva v. Va. Beach City Pub. Sch.*, 364 Fed.Appx. 820, 827 (4th Cir. 2010)....3

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 410, 102 S. Ct. 2727 (1982)......................................................................................................................5

*Hawkins v. Hawkins*, 101 N.C. App. 529, 532, 400 S.E.2d, 472, 474 (1991)...........8

*Juarez-Martinez v. Deans*, 108 N.C. App. 486, 495, 424 S.E.2d 154, 159-60 (1993) ................................................................................................................................8

*Lee v. Greene*, 114 N.C. App. 580, 585, 442 S.E.2d 547, 550 (1994) ...................... 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) .................................................................................................. 7

*Marlowe v. Piner*, 119 N.C. App. 125, 128, 458 S.E.2d 220, 222-23 (1995) ........... 4

*Moore v. Evans*, 124 N.C. App. 35, 42, 476 S.E.2d 415, 421 (1996) ...................... 4

*Neuse River Found., Inc., v. Smithfield Foods, Inc.,* 155 N.C. App. 110, 114, 574 S.E.2d 48, 52 (2002) ......................................................................................... 7

*Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) .................................... 3

*Queen's Gap Cmty. Ass'n v. McNamee*, 2011 NCBC LEXIS 37 (N.C. Super. Ct. Sept. 23, 2011) ................................................................................................. 7

*Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) .................. 2

*Roberts v. Swain*, 126 N.C. App. 712, 487 S.E.2d 760 (1997) ................................ 5

*Scott v. Kiker*, 59 N.C. App. 458, 462, 297 S.E.2d 142, 146 (1982) ........................ 8

*Strates Shows, Inc. v. Amusements of Am., Inc.*, 184 N.C. App. 455, 460, 646 S.E.2d 418, 423 (2007) ................................................................................................. 6

*Thomas v. Sellers*, 142 N.C. App. 310, 314, 542 S.E.2d 283, 286 (2001) ................ 4

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1

# INTRODUCTION

This is an action arising from the discrimination, bullying and indifference that Plaintiffs experienced while they were students at the Bennett School in the Chatham County School District. Plaintiff is seeking damages for violations of the American with Disability Act and Section 504 of the Rehabilitation Act. Defendants are also responsible for assault and battery, negligence, and negligent infliction of emotional distress. Plaintiffs have laid out a well pled complaint, as such, this court should deny Defendant's Motion to Dismiss the Amended Complaint and should set a trial date.

# STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) enables a party to move for dismissal by challenging a court's jurisdiction over a subject matter. Fed. R. Civ. P. 12(b)(1). In deciding a motion made pursuant to Fed. R. Civ. P. 12(b)(1), the court must ascertain whether "plaintiff's allegations standing alone and taken as true plead jurisdiction and a meritorious cause of action." *Allianz Insurance Co. of Canada v. Cho Yang Shipping Co., Ltd.*, 131 F. Supp. 2d 787, 789 (E.D. Va. 2000) (quoting *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir.1984)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v.*

1

*Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Legal inferences drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments are not part of the [court's] consideration." *Dolgaleva v. Va. Beach City Pub. Sch.*, 364 Fed.Appx. 820, 827 (4th Cir. 2010). In assessing the legal sufficiency of a claim under Fed. R. Civ. P. 12(b)(6), a court may rely on a document "integral to and explicitly relied on in the complaint" so long as the non-moving party does not challenge the document's authenticity. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

## ARGUMENT

**I. Plaintiff's claims against school employee Defendants are not duplicative and therefore should not be dismissed.**

The crucial question for determining whether a defendant is sued in an individual or official capacity is the nature of the relief sought, not the nature of the act or omission alleged. If the plaintiff seeks an injunction requiring the defendant to take an action involving the exercise of a governmental power, the defendant is

2

named in an official capacity. Defendants violation of Plaintiff's well established rights resulting in injury support Plaintiff's suit against the Defendants in both their official and individual capacities.

### II. The Chatham County Board of Education has waived its immunity to be sued for state law tort claims.

Plaintiff's claims should be permitted to proceed to discovery. Defendant Chatham County Board of Education is liable for the claims that do not constitute state tort claims. "The general rule is that suits against public officials are barred by the doctrine of governmental immunity where the official is performing a governmental function, such as providing police services." *Thomas v. Sellers*, 142 N.C. App. 310, 314, 542 S.E.2d 283, 286 (2001). "A public official is immune from personal liability for mere negligence in the performance of his duties, but is not immune if his actions were corrupt or malicious or if he acted outside and beyond the scope of his duties." *Marlowe v. Piner*, 119 N.C. App. 125, 128, 458 S.E.2d 220, 222-23 (1995). Defendants actions and failed actions were intentional and resulted in harm to the Plaintiffs.

To maintain a suit against a public official in his or her individual capacity, the plaintiff must make a prima facie showing that the official's actions (under color of authority) are sufficient to pierce the cloak of official immunity. Actions that are malicious, corrupt or outside the scope of official duties will pierce the cloak of

3

Case 1:22-cv-00012-WO-JEP   Document 27   Filed 02/08/23   Page 7 of 13

official immunity, thus holding the official liable for his acts like any private individual. *Moore v. Evans*, 124 N.C. App. 35, 42, 476 S.E.2d 415, 421 (1996).

The individual defendants, acting under the color of authority, with malicious intent disregarded their duty to Plaintiffs resulting in injury to Plaintiffs. The injuries suffered by Plaintiffs was foreseeable and preventable.

"Under the doctrine of qualified immunity, governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Roberts v. Swain*, 126 N.C. App. 712, 487 S.E.2d 760 (1997) (see *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 410, 102 S. Ct. 2727 (1982)). Plaintiff's clearly established rights under the ADA and Rehabilitative Act were known to the Defendants. Further, Plaintiff's rights to be free from negligence, assault and battery and negligent infliction of emotional distress were clearly established at the time of Defendants actions and intentional inactions.

A ruling on a defense of qualified immunity requires (1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the officer's position would have known his actions violated that right." *Lee v. Greene*, 114 N.C. App. 580, 585, 442 S.E.2d 547, 550 (1994).

4

Plaintiffs have clearly laid out their established rights that were violated by Defendants in Plaintiff's Amended Complaint. Plaintiff's rights were clearly established at the time of the violations through both federal statutes and state laws. A reasonable person in the Defendants position knew or should have known that their actions and inactions would result in a violation of Plaintiffs rights. Defendants were put on notice of the abuse occurring, they failed to act, which ultimately resulted in further injury to the Plaintiffs. Defendants are liable and are not shielded from their outrageous conduct through qualified immunity.

### III. Plaintiffs allege facts sufficient to support their claims.

Plaintiffs suffered bullying, indifference, and discrimination while attending Bennett School in the Chatham County School District. Plaintiffs attended Bennett School from 2012 until 2019. Plaintiff Berta Jordan was diagnosed with Asperger's syndrome. Due to her disability, students at Bennett School targeted Plaintiff Berta Jordan due to her disability.

"Whether a local government entity has displayed a policy of deliberate indifference is generally question for the jury." *Bone v. Univ. of N. Carolina Health Care Sys.*, 2022 WL 138644 at *62 (M.D.N.C. Jan. 14, 2022). Courts have permitted a jury to consider the issue of deliberate indifference when the facts, taken in the light most favorable to the plaintiff, could support a conclusion that officials failed to adequately investigate the availability of requested accommodations.

5

"For a motion to dismiss based upon Rule 12(b)(6), the standard of review is whether, construing the complaint liberally, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Strates Shows, Inc. v. Amusements of Am., Inc.*, 184 N.C. App. 455, 460, 646 S.E.2d 418, 423 (2007).

Plaintiffs allege sufficient facts in the amended complaint. The facts set forth describe long-term abuse and neglect suffered by plaintiffs due to the actions and omissions of Defendants.

### IV. Plaintiffs have standing to bring their claims for injunctive, declaratory, and equitable relief.

"Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002). A party has standing if "a party has a sufficient stake in an otherwise justiciable controversy such that he or she may properly seek adjudication of the matter." *Am. Woodland Indus., Inc. v. Tolson*, 155 N.C. App. 624, 626, 574 S.E.2d 55, 57 (2002). "Standing most often turns on whether the party has alleged 'injury in fact' in light of the applicable statutes or caselaw." *Neuse River Found., Inc., v. Smithfield Foods, Inc.,* 155 N.C. App. 110, 114, 574 S.E.2d 48, 52 (2002).

The burden is on the party seeking a remedy and invoking jurisdiction to prove its standing for every form of relief sought. *Queen's Gap Cmty. Ass'n v. McNamee*, 2011 NCBC LEXIS 37 (N.C. Super. Ct. Sept. 23, 2011). An injury in fact is "an

invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

Here, plaintiff has satisfied the statutory requirements for standing. Plaintiffs suffered injury, Defendants caused Plaintiffs injury, and this Honorable court can provide redressability. The injuries suffered by Plaintiff were the sole cause of the Defendants' conduct, and therefore Plaintiff's have petitioned this court for injunctive relief to redress these injuries.

### V. Punitive damages can be recovered against the Chatham County Board of Education.

"Punitive damages are awarded as punishment due to the outrageous nature of the wrongdoer's conduct." *Juarez-Martinez v. Deans*, 108 N.C. App. 486, 495, 424 S.E.2d 154, 159-60 (1993). Punitive damages are awarded "when there are some features of aggravation, as when the act is done willfully and evidences a reckless and wanton disregard of plaintiff's rights." *Scott v. Kiker*, 59 N.C. App. 458, 462, 297 S.E.2d 142, 146 (1982). "Once a cause of action is established, plaintiff is entitled to recover, as a matter of law, nominal damages, which in turn support an award of punitive damages." *Hawkins v. Hawkins*, 101 N.C. App. 529, 532, 400 S.E.2d, 472, 474 (1991). The punitive damages amount "rests in the sound discretion of the jury although the amount assessed is not to be excessively disproportionate to

the circumstances of contumely and indignity present in the case." *Carawan v. Tate*, 53 N.C. App. 161, 165, 280 S.E.2d 528, 531 (1981).

## CONCLUSION

Plaintiff has pled valid and supported claims against Defendants. As such, Defendant's Motion to Dismiss should be denied as to the above-mentioned claims, the case should be allowed to proceed into discovery and a date set for trial.

Dated: February 8, 2023    Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman, Esq. (*pro hac vice*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiffs*

8

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d), I hereby certify that the foregoing Response Brief is less than 1,752 words (excluding caption, signature line, certificates of counsel, and any cover page or index) as reported by the word-processing software.

This 8th day of February 2023.

*/s/Keith Altman*
Keith Altman, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby states that on February 8, 2023, he caused the foregoing document to be filed electronically with the Clerk of the Court using CM/ECF which will send notification of such to all counsel of record.

This 8th day of February 2023.

*/s/Keith Altman*
Keith Altman, Esq.