IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:22-cv-00012-WO-JEP

| | | |
|---|---|---|
| ABIGAIL JORDAN and BERTA JORDAN, individually, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **REPLY IN SUPPORT OF** |
| CHATHAM COUNTY BOARD OF EDUCATION; DAN BARNWELL; G. DOE (a minor); M. DOE (a minor); GYM TEACHER DOE A; GYM TEACHER DOE B; DOES 1 through 20, | ) ) ) ) ) ) ) ) | **CHATHAM COUNTY BOARD OF EDUCATION'S MOTION TO DISMISS AMENDED COMPLAINT** |
| Defendants. | ) ) ) | |

Defendant Chatham County Board of Education ("Board"), by and through counsel and pursuant to Local Civil Rule 7.3, M.D.N.C., submits this Reply In Support of the Board's Motion to Dismiss Amended Complaint. In their Response in Opposition to the Board's Motion, Plaintiffs attempt to evade the Board's asserted grounds for dismissal by making broad generalizations without authority that either fail to respond or misunderstand the Board's arguments entirely. As discussed briefly below, Plaintiffs' Response does nothing to rebut the Board's legitimate grounds for dismissal of the claims against the Chatham County Board of Education.

*First*, in response to the Board's argument that claims against the individual defendants should be dismissed as duplicative (D.E. 22 at 8-9), Plaintiffs appear

perplexingly to assert that the individual defendants *are* named in their official capacities, D.E. 27 at 2-3. Yet this is the very heart of the Board's argument: such official capacity claims are, in effect, claims against the Board itself. *See Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent and in essence are suits against the entity." (internal quotation and alteration marks omitted)). Moreover, Plaintiffs cannot here state that the claims are brought also in their individual capacity where their Amended Complaint is devoid of any such identification. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). As a result, these claims should be dismissed.

*Second*, the Board's Motion seeks dismissal of Plaintiffs' state-law tort claims against the Board (Counts 5, 6, 11, 12, and 13) on the grounds of governmental immunity—specifically, Plaintiffs' failure to even allege that there has been a waiver of immunity here. D.E. 22 at 9-11. Yet Plaintiffs have provided no authority to rebut the Board's position. Instead, Plaintiffs' response discusses only the doctrines of public official immunity and qualified immunity (D.E. 27 at 3-5), both of which relate to the actions of individual governmental officials (not, as Plaintiffs appear to believe, to the Board of Education itself) and neither of which are mentioned anywhere in the Board's Motion. In addition, as above, Plaintiffs cannot rely on their bald assertion, supported by no factual allegations and raised nowhere in their Amended Complaint, that the Board has waived its governmental immunity here. *See S. Walk at Broadlands*, 713 F.3d at 184.

*Third*, Plaintiffs respond in a conclusory manner to the Board's argument that the Amended Complaint fails to state sufficient factual allegations to support their claims (D.E. 22 at 11-15), noting only that Plaintiffs "allege sufficient facts in the amended complaint" because they "describe long-term abuse and neglect suffered by plaintiffs due to the actions and omissions of Defendants." D.E. 27 at 6. Yet, as the Board discussed more fully in its memorandum in support of its Motion (D.E. 22 at 11-13), in order to properly plead claims under Section 504 and the ADA, Plaintiff Berta Jordan must, at a minimum, state plausible facts supporting her claims that alleged abuse by the Board or its employees occurred because of her disabilities—facts that she has not stated. Plaintiffs make no response to this assertion. Moreover, Plaintiffs provide no response to the Board's contention that they fail to allege facts supporting the reasonable foreseeability that any alleged breach, by employees, of their duty of care would have caused either plaintiff severe emotional distress.

*Fourth*, to the Board's contention that Plaintiffs have no standing to seek injunctive, declaratory, or equitable relief (D.E. 22 at 15-18), Plaintiffs' conclusory response is that they "have suffered injury [and] Defendants [sic] caused Plaintiffs [sic] injury," and, as such, "this Honorable court can provide redressability," D.E. 27 at 7. They make no response to Board's argument (and supporting authorities) that Plaintiffs cannot seek such equitable relief because they have not alleged any current, ongoing injury or threat of injury in the future.

*Fifth*, and finally, as in their responses to the Board's other arguments, Plaintiffs entirely ignore the authorities cited by the Board for the proposition that punitive

3

damages may not be awarded against boards of education (D.E. 22 at 18-19), relying instead on a few general assertions about awards of punitive damages in North Carolina, D.E. 27 at 7.

For these reasons, in addition to the substantial arguments set forth by the Board in its supporting memorandum (D.E. 22), this Court should dismiss Plaintiffs' claims against the Board in their entirety.

Respectfully submitted, this the 22nd day of February 2023.

/s/ Lindsay Vance Smith
Lindsay Vance Smith
THARRINGTON SMITH, LLP
N.C. State Bar No. 48085
150 Fayetteville Street, Suite 1800
Post Office Box 1151
Raleigh, North Carolina 27602-1151
Telephone: (919) 821-4711
Fax: (919) 829 1583
Email: lsmith@tharringtonsmith.com
*Attorney for Chatham County Board of Education*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **REPLY IN SUPPORT OF CHATHAM COUNTY BOARD OF EDUCATION'S MOTION TO DISMISS AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF, which will send notification to the following:

> Keith Altman
> West 12 Mile Road, Suite 375
> Farmington Hills, MI 48331
> Email: keithaltman@kaltmanlaw.com
> *Attorney for Plaintiffs*

This the 22nd day of February 2023.

THARRINGTON SMITH, L.L.P.

/s/ Lindsay Vance Smith
Lindsay Vance Smith
THARRINGTON SMITH, LLP
N.C. State Bar No. 48085
150 Fayetteville Street, Suite 1800
Post Office Box 1151
Raleigh, North Carolina 27602-1151
Telephone: (919) 821-4711
Fax: (919) 829 1583
Email: lsmith@tharringtonsmith.com
*Attorneys for Chatham County Board of Education*